FORM 7. STATEMENT OF FINANCIAL AFFAIRS

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

In re: **UNIVERSAL GUARDIAN HOLDINGS, INC.**　　　　　　　　　　Case No. **8:08-bk-13532-ES**
　　　　Debtor (Name)　　　　　　　　　　　　　　　　　　　　　　　　　　　　　(if known)

## STATEMENT OF FINANCIAL AFFAIRS

　　　　This statement is to be completed by every debtor. Spouses filing a joint petition may file a single statement on which the information for both spouses is combined. If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs.

　　　　Questions 1 - 18 are to be completed by all debtors. Debtors that are or have been in business, as defined below, also must complete Questions 19 - 25. **If the answer to an applicable question is "None," mark the box labeled "None."** If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

### DEFINITIONS

　　　　*"In business."* A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership. An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within the six years immediately preceding the filing of this bankruptcy case, any of the following: an officer, director, managing executive, or owner of 5 percent or more of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed full-time or part-time. An individual debtor also may be "in business" for the purpose of this form if the debtor engages in a trade, business, or other activity, other than as an employee, to supplement income from the debtor's primary employment..

　　　　*"Insider."* The term "insider" includes but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any owner of 5 percent or more of the voting or equity securities of a corporate debtor and their relatives, affiliates of the debtor and insiders of such affiliates; any managing agent of the debtor. 11 U.S.C. § 101.

---

1.　　**Income from employment or operation of business**

None
X

State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the **two years** immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

　　　　　　　　AMOUNT　　　　　　　　　　　　　　　　　　　　　SOURCE
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　(if more than one)

　　　　**Universal Guardian is a holding
　　　　company and does not generate any
　　　　income from operations**

2. **Income other than from employment or operation of business**

None ☐

State the amount of income received by the debtor other than from employment, trade, profession, or operation of the debtor's business during the **two years** immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE |
|---|---|
| Year end 2007 $37,712 | Interest Income |
| Year end 2006 $29,745 | |

3. **Payments to creditors**

*Complete a. or b. as appropriate, and c*

None ☒

a. *Individual or joint debtor(s) with primarily consumer debts:* List all payments on loans, installment purchases of goods or services, and other debts, to any creditor made within **90 days** immediately preceding the commencement of this case if the aggregate value of all property that constitutes or is affected by such transfer is not less than $600. Indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and creditor counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

None

b. *Debtor whose debts are not primarily consumer debts:* List all payments made within 90 days immediately preceding the commencement of the case if the aggregate value of all property that constitutes or is affected by such transfer is not less than $5,000. (Married debtors filing under chapter 12 or chapter 13 must include payments and other transfer by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENT | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

See Attached

Statement of Affairs #3.  Payments to Creditors

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENT | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|
| Afghanistan Ministry of Finance (for UG Services subsidiary) | 3/26/08 | $134,506 | $0 |
| Chesterfield Insurance Brokers (for UG Services subsidiary) | 4/4/08 | $266,966 | $0 |
| UG Services employees for past due Salaries | 4/8/08 | $56,863 | ? |
| AICCO Inc. (D&O Insurance) 1630 E. Shaw Ave Suite 160 Fresno, CA 93710 | 4/15/08 | $5,468 | $0 |
| Legend Merchant 38 Broad Street 38th Floor New York, NY 10004 | 4/16/08 | $5,000 | $0 |
| AICCO Inc. (Liability Insurance) 1630 E. Shaw Ave Suite 160 Fresno, CA 93710 | 4/23/08 | $1,984 | $0 |
| State of Delaware (DE Franchise Tax) | 4/23/08 | $3,619 | $0 |
| Mark V. Asdourian, Esq 4695 MacArthur Ct Suite 300 Newport Beach, CA 92660 | 5/19/08 | $30,000 | $90,000 |
| Mark V. Asdourian Trust Account (D&O tail coverage) | 5/19/08 | $66,000 | $0 |
| BridgePoint Master Fund 1120 Sanctuary Parkway Suite 325 Alpharetta, GA 30004 | 5/19/08 | $50,000 | $0 |
| Pickard & Green, CPAs 28382 Constellation Road Valencia, CA 91355 | 5/19/08 | $30,000 | $76,667 |
| Mark V. Asdourian Trust Account (D&O tail coverage) | 6/20/08 | $15,763 | $0 |
| Winthrop Couchot 660 Newport Center Drive 4th Floor Newport Beach, CA 92660 | 6/20/08 | $10,000 | $0 |

None ☐   c. *All debtors.* Debtor whose debts are not primarily consumer debts: List all payments made within **one year** immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES | AMOUNT PAYMENT | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|---|
| Mark V. Asdourian, Esq<br>4695 MacArthur Ct Suite 300<br>Newport Beach, CA 92660 | 5/19/08 | $30,000 | $30,000 | $90,000 |
| Pickard & Green, CPAs<br>28382 Constellation Road<br>Valencia, CA 91355 | 5/19/08 | $30,000 | $30,000 | $76,667 |
| Ken Merchant<br>28 Normandy Ct<br>La Canada, CA 91101 | 6/26/07 to 8/22/07 | $6,643 | $6,643 | $26,500 |
| Mark V. Asdourian, Esq<br>4695 MacArthur Ct Suite 300<br>Newport Beach, CA 92660 | 7/5/07 to 10/18/07 | $21,000 | $21,000 | $90,000 |
| Mel Brashears<br>1701 Marseilles Ct<br>San Jose, CA 95138 | 6/26/07 to 8/22/07 | $6,249 | $6,249 | $26,500 |
| Michael Bozarth<br>P.O. Box 1131<br>Genoa, NV 89411 | 6/26/07 to 8/22/07 | $5,500 | $5,500 | $26,500 |
| Michael Skellern<br>15 Ronsard<br>Newport Beach, CA 92657 | 7/6/07 | $11,422 | $11,422 | $0 |
| Pickard & Green, CPAs<br>28382 Constellation Road<br>Valencia, CA 91355 | 7/3/07 to 10/31/07 | $15,872 | $15,872 | $76,667 |

4.  **Suits and administrative proceedings, executions, garnishments and attachments**

None ☐   a. List all suits and administrative proceedings to which the debtor is or was a party within **one year** immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|

None
☐
b. Describe all property that has been attached, garnished or seized under any legal or equitable process within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint, petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON FOR WHOSE BENEFIT PROPERTY WAS SEIZED | DATE OF SEIZURE | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

On January 11, 2005, Universal Holdings received a cease and desist letter from Pepperball Technologies, Inc. claiming that its prospective manufacture of frangible projectiles for the Python (now named Riot Defender) Projectile Launcher infringes on Pepperball's patents, and further claiming that the prior President of the Company's UG Products subsidiary, Mr. Dennis M. Cole, who was previously employed by Pepperball, violated his at will employment agreement by providing the Company with alleged trade secrets. The frangible projectiles that will be manufactured by the Company are protected by a patent originally issued to the U.S. Navy on November 14, 2000 (U.S. Patent No. 6,145,441). The U.S. Navy granted Guardian Corporation the exclusive right to sell and market projectiles using this patented technology for the life of the patent pursuant to an agreement dated November 19, 2002. In January, 2004, Guardian Corporation renewed its exclusive license to the U.S. Navy's patent for 14 years. The Company has received non-infringement opinions from patent counsel confirming that the Company's manufacture and sale of the frangible projectiles will not infringe upon Pepperball's intellectual property rights. To date, the Company has yet to sell any frangible projectiles which undermines any claims of damages which may be asserted by Pepperball. On January 28, 2005 the Company responded to Pepperball's correspondence and was prepared to vigorously defend its claims if necessary. In reply, Pepperball demanded that the Company provide it with exemplars of the Company's products so that they could make an independent determination as to whether the design of the frangible projectiles infringes on their patents. The Company took the matter under advisement.

On February 8, 2007, Universal Holdings received correspondence from U.S. counsel representing Mr. John Chase, a former Secure Risks shareholder and employee, demanding, among other things, that Universal Holdings release from escrow 615,224 Universal Holdings common shares initially issued to Mr. Chase in exchange for his Secure Risks shares in connection with Universal Holdings' acquisition of Secure Risks in June 2004, and further demanding that Universal Holdings issue an opinion letter approving the sale of a portion of these shares under SEC Rule 144, and threatening litigation should Universal Holdings fail to promptly comply with the aforesaid demands.

Universal Holdings and Secure Risks were not named as defendants in The Ackerman Group's lawsuit, and have not to date been threatened with litigation by The Ackerman Group. Nevertheless, Universal Holdings was concerned that it was possible that should The Ackerman Group prevail, the consideration received by Mr. Chase in exchange for the assets he allegedly misappropriated from The Ackerman Group would be subject to levy in an enforcement action under a variety of legal and equitable theories, including constructive trust. In order to avoid any liability for Universal Holdings or Secure Risks as being complicit in any transfer of such assets during the pendency of such litigation, Universal Holdings notified Mr. Chase that the company would not release any of such shares from escrow or otherwise permit any of such shares to be sold under Rule 144 or otherwise transferred during the pendency of such litigation. Universal Holdings was also concerned that it was possible that The Ackerman Group could assert claims against Secure Risks as TAG 24's successor, which could result in equitable rights of offset against Mr.

Chase. The events also appeared to violate representations and covenants personally given by Mr. Chase in connection with the transaction whereby Universal Holdings acquired Secure Risks.

In May 2007, Mr. Chase's U.S. counsel tendered an opinion letter seeking the removal of the restrictive legend from the shares under SEC Rule 144(k). At the end of May 2007, Universal Holdings and Secure Risks were first advised of the existence, and later received, a minute order dated March 16, 2007 from the High Court of Chancery in the United Kingdom dismissing The Ackermann Group's claims, thereby satisfactorily addressing the company's concerns relating to that litigation. Universal Holdings nevertheless informed Mr. Chase's legal counsel that the company was rescinding the transaction with Mr. Chase and demanding the return of the 615,224 shares based upon multiple intentional misrepresentations made by Mr. Chase concerning TAG 24's business as well as his breach of several covenants made in connection with those transactions. By way of example and not limitation, Universal Holdings alleges that Mr. Chase tendered financial statements to induce Universal Holdings and Secure Risks to originally enter into the transaction that turned out, upon audit, to have grossly understated expenses resulting in the gross overstatement of income, all in violation of representations given by Mr. Chase as to the accuracy of those financial statements. Universal Holding also alleges that Mr. Chase also failed to advise Universal Holdings and Secure Risks about his receipt of a termination notice relating to a material contract which formed a significant part of TAG 24's revenues, again in violation of representations and covenants given by Mr. Chase as to the status of contracts with TAG 24's customers. Universal Holding also alleges that Mr. Chase also failed to disclose the existence of the litigation that had been initiated against him by the Ackermann Group, again in violation of representations given by Mr. Chase as to the absence of litigation. Mr. Chase's counsel has since informed the company that they would not pursue the removal of the legend from the shares pending their review of the company's rescission demand.

---

### 5. Repossessions, foreclosures and returns

None X

List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS CREDITOR OR SELLER | DATE OF REPOSSESSION, FORECLOSURE SALE, TRANSFER OR RETURN | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| | | |

---

### 6. Assignments and receiverships

None X

a. Describe any assignment of property for the benefit of creditors made within **120 days** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| | NAME AND ADDRESS OF ASSIGNEE | DATE OF ASSIGNMENT | TERMS OF ASSIGNMENT OR SETTLEMENT |
|---|---|---|---|

| | | | | |
|---|---|---|---|---|
| None X | b. List all property which has been in the hands of a custodian, receiver, or court-appointed official within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.) | | | |
| | NAME AND ADDRESS OF CUSTODIAN | NAME AND LOCATION OF COURT CASE, TITLE AND NUMBER | DATE OF ORDER | DESCRIPTION AND VALUE OF PROPERTY |

### 7. Gifts

| | | | | |
|---|---|---|---|---|
| None X | List all gifts or charitable contributions made within **one year** immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.) | | | |
| | NAME AND ADDRESS OF PERSON OR ORGANIZATION | RELATIONSHIP TO DEBTOR, IF ANY | DATE OF GIFT | DESCRIPTION AND VALUE OF GIFT |

### 8. Losses

| | | | | |
|---|---|---|---|---|
| None X | List all losses from fire, theft, other casualty or gambling within **one year** immediately preceding the commencement of this case **or since the commencement of this case**. (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.) | | | |
| | DESCRIPTION AND VALUE OF PROPERTY | DESCRIPTION OF CIRCUMSTANCES AND, IF LOSS WAS COVERED IN WHOLE OR IN PART BY INSURANCE GIVE PARTICULARS | | DATE OF LOSS |

9. **Payments related to debt counseling or bankruptcy**

None ☐

List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of a petition in bankruptcy within one year immediately preceding the commencement of this case.

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYOR, IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| Winthrop Couchot P.C. 660 Newport Center Dr/. 4th Fl. Newport Beach, CA 92660 | January 2008 | $35,000 in connection with a workout or Chapter 11 case. The majority of this amount was incurred in fees and expenses between January 2008 and June 23, 2008; however of that amount $8,039.15 was wired to vendors of Universal pursuant to Universal's request. |
| Winthrop Couchot P.C. 660 Newport Center Dr/. 4th Fl. Newport Beach, CA 92660 | June 23, 2008 | $10,000.00 for representation of the Chapter 7 Debtor |

10. **Other transfers**

None
X

a. List all other property, other than property transferred in the ordinary Course of the business or financial affairs of the debtor, transferred either absolutely or as security within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF TRANSFEREE, RELATIONSHIP TO DEBTOR | DATE | DESCRIBED PROPERTY TRANSFERRED AND VALUE RECEIVED |
|---|---|---|

None
X

b. List all other property, transferred by the debtor within ten years immediately preceding the commencement of this case to a self-settled trust or similar devise of which the debtor is a beneficiary.

| NAME OF TRUST OR OTHER DEVISE | DATE(S) OF TRANSFER(S) | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY OR DEBTOR'S INTEREST IN PROPERTY |
|---|---|---|

11. **Closed financial accounts**

None ☐

List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within **one year** immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF INSTITUTION | TYPE AND NUMBER OF ACCOUNT AND AMOUNT OF FINAL BALANCE 0 | AMOUNT AND DATE OF SALE OR CLOSING |
|---|---|---|
| California Bank and Trust | Checking $0.00 | $0 – February 2008 |

12. **Safe deposit boxes**

None X

List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless We spouses am separated and a joint petition is not filed.)

| NAME AND ADDRESS OF BANK OR OTHER DEPOSITORY | NAME AND ADDRESSES OF THOSE WITH ACCESS TO BOX OR DEPOSITORY | DESCRIPTION OF CONTENTS | DATE OF TRANSFER OR SURRENDER, IF ANY |
|---|---|---|---|

13. **Setoffs**

None X

List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within **90 days** preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATE OF SETOFF | AMOUNT OF SETOFF |
|---|---|---|

14. **Property held for another person**

None X

List all property owned by another person that the debtor holds or controls.

| NAME AND ADDRESS OF CREDITOR | DESCRIPTION AND VALUE OF PROPERTY | LOCATION OF PROPERTY |

---

15. **Prior address of debtor**

None ☐

If the debtor has moved within the **two years** immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

| ADDRESS | NAME USED | DATES OF OCCUPANCY |
|---|---|---|
| 4695 MacArthur Court Suite 300 Newport Beach, CA 92660 | Universal Guardian | 2004 to 2007 |

---

16. **Spouses and Former Spouses**

None X

If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the **six-year period** immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.

**NAME**

---

17. **Environmental Information.**

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites.

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law

None
X

a. List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law:

| **SITE NAME AND ADDRESS** | **NAME AND ADDRESS OF GOVERNMENTAL UNIT** | **DATE OF NOTICE** | **ENVIRONMENTAL LAW** |
|---|---|---|---|

None
X

b. List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

| **SITE NAME AND ADDRESS** | **NAME AND ADDRESS OF GOVERNMENTAL UNIT** | **DATE OF NOTICE** | **ENVIRONMENTAL LAW** |
|---|---|---|---|

None
X

c. List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law, with respect to which the debtor is or was a party. Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

| **NAME AND ADDRESS OF GOVERNMENTAL UNIT** | **DOCKET NUMBER** | **STATUS OR DISPOSITION** |
|---|---|---|

18.   Nature, location and name of business

None
☐

a. If the debtor is an individual, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partnership, sole proprietorship, or was a self-employed professional within the **six years** immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within the **six years** immediately preceding the commencement of this case.

If the debtor is a partnership, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within the **six years** immediately preceding the commencement of this case.

If the debtor is a corporation, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within the **six years** immediately preceding the commencement of this case.

| **NAME** | **TAXPAYER ID NO.** | **ADDRESS** | **NATURE OF BUSINESS** | **BEGINNING AND ENDING DATES** |
|---|---|---|---|---|

See schedule B, item #13

None
X

b. Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.

**NAME**                                    **ADDRESS**

---

The following questions are to be completed by every debtor that is a corporation or partnership and by any individual debtor who is or has been, within the **six years** immediately preceding the commencement of this case, any of the following: an officer, director, managing executive, or owner of more than 5 percent of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or otherwise self-employed.

*(An individual or joint debtor should complete this portion of the statement **only** if the debtor is or has been in business, as defined above, within the six years immediately preceding the commencement of this case. A debtor who has not been in business within those six years should go directly to the signature page.)*

19.    **Books, records and financial statements**

None ☐

a. List all bookkeepers and accountants who within the **two years** immediately preceding the filing of this bankruptcy case kept or supervised the keeping of books of account and records of the debtor.

| NAME AND ADDRESS | DATES SERVICES RENDERED |
|---|---|
| Kevin Pickard<br>28382 Constellation Road<br>Valencia CA  91355 | 2003 to present |
| Heather Hanson<br>134 Tierra Montanosa<br>Rancho Santa Margarita, CA  92688 | 2006 to 2007 |

None ☐

b. List all firms or individuals who within the **two years** immediately preceding the filing of this bankruptcy case have audited the books of account and records, or prepared a financial statement of the debtor.

| NAME | ADDRESS | DATES SERVICES RENDERED |
|---|---|---|
| AJ Robbins PC | 216 Sixteenth Street<br>Suite 600<br>Denver, CO | 2004 to 2007 |

None ☐    c. List all firms or individuals who at the time of the commencement of this case were in possession of the books of account and records of the debtor. If any of the books of account and records are not available, explain.

| NAME | ADDRESS |
|---|---|
| Pickard & Green, CPAs | 28382 Constellation Road<br>Valencia, CA 91355 |

None ☐    d. List all financial institutions, creditors and other parties, including mercantile and trade agencies, to whom a financial statement was issued within the **two years** immediately preceding the commencement of this case by the debtor.

| NAME AND ADDRESS | DATE ISSUED |
|---|---|
| Universal Guardian is a public company and the financial statement can be viewed and relied on by anyone who accesses them through public filings. | |

### 20. Inventories

None X    a. List the dates of the last two inventories taken of your property, the name of the person who supervised the taking of each inventory, and the dollar amount and basis of each inventory.

**DATE OF INVENTORY**    **INVENTORY SUPERVISOR**    **DOLLAR AMOUNT OF INVENTORY (Specify cut marks or other basis)**

None X    b. List the name and address of the person having possession of the records of each of the two inventories reported in a.. above.

**DATE OF INVENTORY**    **NAME AND ADDRESSES OF CUSTODIAN OF INVENTORY RECORDS**

### 21. Current Partners, Officers, Directors and Shareholders

None X    a. If the debtor is a partnership, list the nature and percentage of partnership interest of each member of the partnership.

**NAME AND ADDRESSES**    **NATURE OF INTEREST**    **PERCENTAGE OF INTEREST**

None ☐ b. If the debtor is a corporation, list all officers and directors of the corporation, and each stockholder who directly or indirectly owns, controls, or holds 5 percent or more of the voting or equity securities of the corporation.

| NAME AND ADDRESSES | TITLE | NATURE AND PERCENTAGE OF STOCK OWNERSHIP |
|---|---|---|
| Kevin Pickard<br>28382 Constellation Road<br>Valencia, CA 91355 | President | .1% |
| Ken Merchant<br>28 Normandy Ct<br>La Canada, CA 91101 | Director | .1% |
| Mel Brashears<br>1701 Marseilles Ct<br>San Jose, CA 95138 | Director | 3.5% |
| Michael Bozarth<br>P.O. Box 1131<br>Genoa, NV 89411 | Director | 1.3% |

22. **Former partners, officers, directors and shareholders**

None ☐ a. If the debtor is a partnership, list each member who withdrew from the partnership within **one year** immediately preceding the commencement of this case.

**NAME**          **ADDRESSES**                                              **DATE OF WITHDRAWAL**

None ☐ b. If the debtor is a corporation, list all officers, or directors whose relationship with the corporation terminated within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESSES | TITLE | DATE OF TERMINATION |
|---|---|---|
| Michael Skellern<br>15 Ronsard<br>Newport Beach, CA 92657 | CEO | July 2007 |
| Kevin Westcott<br>234 Via Grazania<br>Newport Beach, CA 92663 | COO | December 2007 |

23. **Withdrawals from a partnership or distributions by a corporation**

None
X

If the debtor is a partnership or corporation, list all withdrawals or distributions credited or given to an insider, including compensation in any form, bonuses, loans, stock redemptions, options exercised and any other perquisite during **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESSES OF RECIPIENT, RELATIONSHIP TO DEBTOR | DATE AND PURPOSE OF WITHDRAWAL | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

24. **Tax Consolidation Group.**

None
X

If the debtor is a corporation, list the name and federal taxpayer identification number of the parent corporation of any consolidated group for tax purposes of which the debtor has been a member at any time within the **six-year period** immediately preceding the commencement of the case.

| NAME OF PARENT CORPORATION | TAXPAYER IDENTIFICATION NUMBER |
|---|---|

25. **Pension Funds.**

None
X

If the debtor is not an individual, list the name and federal taxpayer identification number of any pension fund to which the debtor, as an employer, has been responsible for contributing at any time within the **six-year period** immediately preceding the commencement of the case.

| NAME OF PENSION FUND | TAXPAYER IDENTIFICATION NUMBER |
|---|---|

\* \* \* \* \* \*

*[If completed by an individual or individual and spouse]*

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct.

Date _____       Signature _____
                                       of Debtor


Date _____       Signature _____
                                       of Joint Debtor
                                       (if any)

---

*[If completed on behalf of a partnership or corporation]*

I, declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct to the best of my knowledge information and belief.


Date  July 8, 2008  _____       Signature _____
                                             Kevin Pickard, President
                                             Print Name and Title

[An individual signing on behalf of a partnership or corporation must indicate position or relationship to debtor.]

_____ continuation sheets attached

*Penalty for making a false statement. Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. § 152 and 3571*

..................................................................................................................................

**CERTIFICATION AND SIGNATURE OF NON-ATTORNEY BANKRUPTCY PETITION PREPARER (See 11 U.S.C. § 110)**

   I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. §110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§110(b), 110(h), and 342(b); and (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. §110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required by that section.

_____       _____
Printed or Typed Name and Title, if any, of Bankruptcy Petition Preparer       Social Security No. (Required by 11 U.S.C. §110)

*If the bankruptcy petition prepared is not an individual, state the name, title (if any) address, and social security number of the officer, principal, responsible person, or partner who signs this document.*

_____

_____
Address

X_____       _____
Signature of Bankruptcy Petition Preparer                                      Date

Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document if the bankruptcy petition preparer is not an individual:

If more than one person prepared this document, attach additional signed sheets conforming to the appropriate Official Form for each person.

A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 18 U.S.C. § 156.