James C. Bastian, Jr. - Bar No. 175415
Melissa R. Davis – Bar NO. 245521
**SHULMAN HODGES & BASTIAN LLP**
26632 Towne Centre Drive, Suite 300
Foothill Ranch, California 92610-2808
Telephone:    (949) 340-3400
Facsimile:    (949) 340-3000

Attorneys for John M. Wolfe, Chapter 7 Trustee

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA, SANTA ANA DIVISION

| | |
|---|---|
| In re<br><br>**UNIVERSAL GUARDIAN HOLDINGS, INC., a Delaware corporation,**<br><br>Debtor.<br><br>**JOHN M. WOLFE, solely in his capacity as the Chapter 7 Trustee for the bankruptcy estate of Universal Guardian Holdings, Inc., a Delaware corporation,**<br><br>Plaintiff,<br><br>v.<br><br>**TAGISTICS CORPORATION, a Florida corporation,**<br><br>Defendants. | Case No. 8:08-13532-ES<br><br>Chapter 7<br><br>Adv. Case No.<br><br>**COMPLAINT FOR:**<br><br>1) BREACH OF CONTRACT;<br><br>2) DECLARATORY RELIEF;<br><br>3) TURNOVER; AND<br><br>4) ACCOUNTING |

John M. Wolfe, solely in his capacity as Chapter 7 Trustee ("Trustee" or "Plaintiff") for the bankruptcy estate ("Estate") of Universal Guardian Holdings, Inc., a Delaware corporation ("Debtor") brings this complaint against Tagistics Corporation, a Florida corporation ("Defendant") and alleges as follows:

1

SHULMAN HODGES &
BASTIAN LLP
26632 Towne Centre Drive
Suite 300
Foothill Ranch, CA 92610

3905-000
G:\Wp\Cases\U-V\Universal Guardian\Tagistics\Pld\Complaint_Tagistics_001.doc

## STATEMENT OF JURISDICTION AND VENUE

1. This adversary proceeding is filed pursuant to Federal Rule of Bankruptcy Procedure 7001. Plaintiff has standing to bring this action under 11 U.S.C. §§ 323, 544. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334.

2. This adversary proceeding arises in and relates to the Debtor's bankruptcy case, which was filed in the Central District of California, Santa Ana Division on or about June 23, 2008 ("Petition Date") under Chapter 7 of the Bankruptcy Code. Venue is proper in this District pursuant to 28 U.S.C. § 1409, as this adversary proceeding arises under Title 11 or arises under or relates to a case under Title 11 which is pending in this District and does not involve a consumer debt less than $5,000.00.

3. This action is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (b)(2)(E), and to the extent any related claims are determined not to be a core proceeding, Plaintiff consents to an entry of final judgment and orders by the Bankruptcy Court. To the extent Plaintiff asserts claims under 11 U.S.C. § 544, Plaintiff is informed and believes and thereon alleges there exists in this case one or more creditors holding unsecured claims allowable under 11 U.S.C. §502 or not allowable under 11 U.S.C. § 502(e), who can avoid the respective transfers as set forth hereinafter under California or other applicable law.

4. To the extent any claim for relief contained herein is determined not to be a core proceeding, Plaintiff consents to the entry of final judgment and orders by the Bankruptcy Court.

5. Venue properly lies in the Central District of California in that this adversary proceeding arises in or is related to the case under 11 United States Code as provided in 28 U.S.C. §1409.

## PARTIES

6. Plaintiff, John M. Wolfe, is the duly appointed, qualified, and acting Chapter 7 Trustee for the Debtor's bankruptcy estate.

7. Plaintiff is informed and believes and thereon alleges, Tagistics Corporation is and was at all times in issue, a corporation duly organized and existing under the laws of Florida,

SHULMAN HODGES &
BASTIAN LLP
26632 Towne Centre Drive
Suite 300
Foothill Ranch, CA 92610

3905-000
G:\Wp\Cases\U-V\Universal Guardian\Tagistics\Pld\Complaint_Tagistics_001.doc

1  with its principal place of business in the City of Boca Raton, County of Palm Beach, State of
2  Florida.

### GENERAL ALLEGATIONS

4  8.  On June 23, 2008, the Debtor filed a voluntary Chapter 7 petition under the
5  United States Bankruptcy Code.

6  9.  ISR Systems, Corporation ("ISR") is a wholly owned subsidiary of the Debtor.

7  10.  On October 30, 2007, Defendant bought the assets of ISR pursuant to an Asset
8  Purchase Agreement ("APA") dated October 30, 2007. A true and correct copy of the APA is
9  attached hereto as **Exhibit "1."**

10  11.  Defendant was unable to perform certain of the obligations of the APA. Thus,
11  ISR and Defendant entered into an Amended Asset Purchase Agreement ("Amended APA")
12  dated December 13, 2007. A true and correct copy of the Amended APA is attached hereto as
13  **Exhibit "2."**

14  12.  Pursuant to Paragraph III.3.5. of the Amended APA, Defendant is to pay royalties
15  to ISR in the following amounts:

> In addition to the Purchase Price, the Stock, the Hosting Services and the Buyer General Releases, as additional consideration for the purchase of the Assets, Buyer will pay to Seller a royalty in the amount of Three Million Dollars ($3,000,000.00) [the "Royalty Payment"]. The Royalty Payment shall be paid in quarterly installments commencing January 1, 2008 at the rate of ten percent (10%) of Tagistics' quarterly gross revenues (as defined by GAAP) and shall be paid by Buyer to Seller no later than thirty days after the end of each calendar quarter. In the event (i) Seller has not received any quarterly Royalty Payment when due; (ii) Seller has not received a minimum of Two Hundred Fifty Thousand Dollars ($250,000.00) in Royalty Payments by December 31, 2008; (iii) Seller has not received a minimum of Three Hundred Twenty Five Thousand Dollars ($325,000.00) in Royalty Payments by June 30, 2009; or (iv) Seller has not received a minimum of Five Hundred Thousand Dollars ($500,000.00) in Royalty Payments by December 31, 2009, then Seller shall have the option to either declare a default under this Agreement and elect to exercise its rights under the Security Agreement or Seller shall have the right to increase the rate at which the outstanding balance of the Royalty Payments shall be made from ten percent (10%) to fifteen percent (15%) of Tagistics' quarterly gross revenues. Notwithstanding any provision to the contrary, Seller shall have the right, on no less than a semi-annual basis, to audit Buyer's books and records to ensure Buyer's compliance with its obligation to pay the Royalty Payment. Seller shall

SHULMAN HODGES &
BASTIAN LLP
26632 Towne Centre Drive
Suite 300
Foothill Ranch, CA 92610

3

3905-000
G:\Wp\Cases\U-V\Universal Guardian\Tagistics\Pld\Complaint_Tagistics_001.doc

provide Buyer with not less than two weeks advance written notice of the exercise of its right to conduct an audit. Buyer agrees to cooperate in good faith in making its books and records available for inspection by Seller or its representative(s) for purposes of conducting the audit. All costs associated with the audit shall be borne by Seller; provided, however, if there is a material variance between the amount of commissions paid Seller and the actual commissions owed Seller, then the cost of the audit shall be borne by Buyer.

See, Exhibit 2 at III.3.5.

13.    Defendant has made no royalty payments to ISR or to the Debtor pursuant to the above-quoted language of the Amended APA.

14.    On October 24, 2008, Plaintiff's counsel sent a letter to Defendant inquiring as to the status of the royalty payments to be made. Plaintiff's counsel has received no response.

15.    On or about June 16, 2009, the Trustee filed a motion for order approving corporate transaction outside the ordinary course of business pursuant to 11 U.S.C. §363(b) ("Motion"). The Bankruptcy Court approved the Motion by an order entered on July 30, 2009.

16.    On or about August 7, 2009, after procuring approval of the Bankruptcy Court to enter into such transactions by the Motion as discussed above, Plaintiff appointed and authorized himself as sole officer and sole director of ISR, then appointed himself the president, chief financial officer and secretary of ISR, accepted all appointments, and then assigned the rights under the Amended APA to the Debtor. The following documents are attached hereto as **Exhibit "3"** to evidence the above transactions: (1) Action by Sole Shareholder of ISR Systems Corporation; (2) Action by Sole Director of ISR Systems Corporation; (3) Acceptance of Corporate Officer / Director; and (4) Assignment of the Amended APA.

17.    The rights under the Amended APA are property of the Debtor's bankruptcy estate pursuant to Bankruptcy Code section 541. Accordingly, the Trustee, acting in his capacity as chapter 7 trustee of the bankruptcy estate of the Debtor, may exercise all rights under the Amended APA.

///

///

///

SHULMAN HODGES &
BASTIAN LLP
26632 Towne Centre Drive
Suite 300
Foothill Ranch, CA 92610

3905-000
G:\Wp\Cases\U-V\Universal Guardian\Tagistics\Pld\Complaint_Tagistics_001.doc

## FIRST CAUSE OF ACTION

(Breach of Written Contract Against Defendant)

18. Plaintiff hereby repeats, realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 17, inclusive, and though fully set forth herein.

19. On or about October 30, 2007, Defendant and ISR entered into the APA and on December 13, 2007, Defendant and ISR entered into the Amended APA whereby Defendant agreed to pay to ISR, a wholly owned subsidiary of the Debtor, royalties pursuant to the above-quoted language.

20. Debtor and ISR have performed each and every covenant, promise and condition on its part to be performed in accordance with the terms and conditions of the Amended APA, except where performance was excused by Defendant's conduct.

21. Within the past four years, Defendant breached the Amended APA by failing to pay ISR the royalties due under the Amended APA in an amount to be determined at trial, but no less than $250,000.

22. Demand has been made upon Defendant by Plaintiff, for payment of the delinquent royalties due, but Defendant has failed, refused, and neglected to pay its obligations under the Amended APA.

23. As a direct, proximate and foreseeable result of its breach, Defendant is indebted to Plaintiff in an amount to be proven at trial plus pre-judgment and post-judgment interest on that amount at the legal rate.

## SECOND CLAIM FOR RELIEF

(For Declaratory Relief Against Defendant)

24. Plaintiff hereby repeats, realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 23, inclusive, and though fully set forth herein.

25. Plaintiff and Defendant herein have a dispute in which a declaration of their respective rights is necessary. Plaintiff is further informed and believes, and thereon alleges, that

SHULMAN HODGES &
BASTIAN LLP
26632 Towne Centre Drive
Suite 300
Foothill Ranch, CA 92610

3905-000
G:\Wp\Cases\U-V\Universal Guardian\Tagistics\Pld\Complaint_Tagistics_001.doc

the said disputes are actual and continuing, and concern the continuing assertion by Defendant that they may assert claims herein, retain the benefits of illegal or wrongful acts of other defendants herein, and/or adopt and ratify the said illegal and wrongful acts, to the damage and prejudice of Plaintiff.

26. Plaintiff respectfully requests from this Court a declaration that the royalty payments due are property of the Estate pursuant to Section 541 of the Bankruptcy Code.

27. Plaintiff respectfully requests from this Court a declaration that Plaintiff, as trustee of the Debtor's Estate, is entitled to a turnover of the royalty payments due from the Defendant.

### THIRD CAUSE OF ACTION

(Turnover Against Defendant)

(Pursuant to 11 U.S.C. § 542)

28. Plaintiff hereby repeats, realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 27, inclusive, and though fully set forth herein.

29. Defendant is in possession of property of the Debtor's bankruptcy Estate, namely the royalty payments due and owing pursuant to the terms of the Amended APA in an amount to be determined at trial, which said sum Defendant has failed to turnover as provided by the terms of the Amended APA.

30. The rights under the Amended APA are property of the Debtor's bankruptcy estate. On or about August 7, 2009, after procuring approval of the Bankruptcy Court to enter into the contemplated transactions, Plaintiff appointed and authorized himself as sole officer and sole director of ISR, then appointed himself the president, chief financial officer and secretary of ISR, accepted all appointments, and then assigned the rights under the Amended APA to the Debtor. The following documents are attached hereto as **Exhibit "3"** to evidence the above transactions: (1) Action by Sole Shareholder of ISR Systems Corporation; (2) Action by Sole Director of ISR Systems Corporation; (3) Acceptance of Corporate Officer / Director; and (4) Assignment of the Amended APA.

SHULMAN HODGES &
BASTIAN LLP
26632 Towne Centre Drive
Suite 300
Foothill Ranch, CA 92610

6

3905-000
G:\Wp\Cases\U-V\Universal Guardian\Tagistics\Pld\Complaint_Tagistics_001.doc

31. Defendant has failed to make the royalty payments in the amount of ten percent (10%) of Defendant's quarterly gross revenues for each of the quarters ending March 31, 2008, July 31, 2008, and September 30, 2008.

32. The total payment due is unclear at this time because the payments due are calculated as ten percent (10%) of Defendant's quarterly gross revenues and Debtor has not conducted an audit of Defendant's books and records to determine the amount due and owing.

33. Pursuant to 11 U.S.C. § 542, Plaintiff, as Trustee, is entitled to turnover of property of the Estate in the amount of royalties due to Debtor pursuant to the terms of the Amended APA to be determined at trial, together with interest at the legal rate and attorneys fees according to proof.

## FOURTH CAUSE OF ACTION

(Accounting Against Defendant)

34. Plaintiff hereby repeats, repleads, and incorporates herein by reference as though fully set forth herein each and every allegation contained in paragraphs 1 through 33, inclusive, of the Complaint.

35. Plaintiff hereby demands a true and correct accounting with respect to the Defendant's finances to the fullest extent permitted by law, including but not limited to an accounting and audit made in accordance with the Amended APA. A true and correct accounting of the Defendant's finances is necessary to obtain determine the amount of royalties due under the Amended APA.

36. At all times mentioned herein, Debtor was entitled to receive royalty payments from Defendant through ISR pursuant to the Amended APA to which Plaintiff is now entitled as Trustee of the Debtor's bankruptcy case. *See,* Exhibit "3."

37. The exact amount of money due from Defendant to Plaintiff is unknown to Plaintiff, but believed to be in excess of $250,000, and cannot be fully ascertained without an accounting and full particulars from Defendant of its quarterly gross revenues for the year of 2008.

///

7

SHULMAN HODGES &
BASTIAN LLP
26632 Towne Centre Drive
Suite 300
Foothill Ranch, CA 92610

3905-000
G:\Wp\Cases\U-V\Universal Guardian\Tagistics\Pld\Complaint_Tagistics_001.doc

**WHEREFORE**, the Plaintiff prays that this Court enter judgment as follows:

On the First, Third, and Fourth Causes of Action:

1. For turnover of property of the bankruptcy Estate in an amount to be determined at trial;

2. For general damages in the sum of at least $250,000, according to proof at time of trial;

On the Second Cause of Action:

3. For an order declaring the royalty payments are property of the bankruptcy Estate and shall be turned over to Plaintiff;

On All Causes of Action

4. For post-judgment interest at the highest legal rate;

5. For costs of suit herein and attorneys fees as provided by contract or statute; and

6. For such other and further relief and the court deems just and proper.

**SHULMAN HODGES & BASTIAN LLP**

Dated: August 19, 2009

_/s/ Melissa R. Davis_
James C. Bastian, Jr.
Melissa R. Davis
Attorneys for John M. Wolfe, Chapter 7 Trustee for the
Bankruptcy Estate of Universal Guardian Holdings

SHULMAN HODGES &
BASTIAN LLP
26632 Towne Centre Drive
Suite 300
Foothill Ranch, CA 92610

3905-000
G:\Wp\Cases\U-V\Universal Guardian\Tagistics\Pld\Complaint_Tagistics_001.doc

8