James C. Bastian, Jr. - Bar No. 175415
Melissa Davis Lowe – Bar No. 245521
**SHULMAN HODGES & BASTIAN LLP**
8105 Irvine Center Drive, Suite 600
Irvine, California 92618
Telephone:     (949) 340-3400
Facsimile:      (949) 340-3000
Email: jbastian@shbllp.com; mlowe@shbllp.com

Attorneys for John M. Wolfe, Chapter 7 Trustee

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA, SANTA ANA DIVISION

| | |
|---|---|
| In re | Case No.  8:08-bk-13532-ES |
| **UNIVERSAL GUARDIAN HOLDINGS, INC.** | Chapter 7 |
| Debtor. | **NOTICE OF MOTION AND CHAPTER 7 TRUSTEE'S MOTION FOR OBJECTING TO CLAIM 2 BY ECKERT'S VAN & STORAGE (ALLOWED AS SECURED ONLY, NOT ENTITLED TO SHARE IN A DISTRIBUTION FROM THE ESTATE); MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATION OF JOHN M. WOLFE IN SUPPORT THEREOF** |
| | **Hearing:** <br> Date:   September 2, 2014 <br> Time:  10:30 a.m. <br> Place:  Courtroom 5A <br>          United States Bankruptcy Court <br>          Ronald Reagan Federal Building <br>          411 West Fourth Street <br>          Santa Ana, CA 92701 |

///

///

///

SHULMAN HODGES &
BASTIAN LLP
8105 Irvine Center Drive
Suite 600
Irvine, CA  92618

1

Eckerts Van & Storage Motion.docx
3905-000\59

Page 1

1

## TABLE OF CONTENTS

2
**Page**

3

NOTICE .................................................................................................................... 5

4

MOTION .................................................................................................................. 7

5

I.      STATEMENT OF FACTS ............................................................................. 7

6

     A.      Case Commencement ........................................................................ 7

7

     B.      Objection to Claim 2 Filed by Eckert's ............................................ 7

8

II.     MEMORANDUM OF POINTS AND AUTHORITIES ................................. 8

9

     A.      Claimant Has Not Met Its Burden of Proof ....................................... 8

10

     B.      Absent a Response by a Claimant, the Objection Should be Sustained ............... 10

11

III.    CONCLUSION .............................................................................................. 11

12

DECLARATION OF JOHN M. WOLFE ................................................................ 12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SHULMAN HODGES &
BASTIAN LLP
8105 Irvine Center Drive
Suite 600
Irvine, CA  92618

2

Eckerts Van & Storage Motion.docx
3905-000\59

1

## TABLE OF AUTHORITIES

2

**Page**

3

### CASES

4

Garner v. Shier (In re Garner),
    246 B.R. 617 (B.A.P. 9th Cir. 2000)..........................................................................8

5

Heath v. American Express Travel Related Services Co.,
    331 B.R. 424 (B.A.P. 9th Cir. 2005)..........................................................................8

6

7

In re Allegheny International, Inc.,
    954 F.2d 167 (3rd Cir. 1992) ...............................................................................9, 11

8

In re Consolidated Pioneer Mortgage,
    178 B.R. 222, 226 (9th Cir. BAP 1995) ....................................................................9

9

10

In re Global Western Dev. Corp.,
    759 F.2d 724 (9th Cir. 1985) .....................................................................................9

11

In re Holm,
    931 F.2d 620, 623 (9th Cir. 1991) .............................................................................9

12

13

In re Hydorn,
    94 B.R. 608 (Bankr. W.D. Mo. 1988)........................................................................9

14

In re Kahn,
    114 B.R. 40 (Bankr. S.D.N.Y. 1990) .........................................................................9

15

16

In re Lewis,
    80 B.R. 39 (Bankr. E.D. Pa. 1987) ....................................................................10, 11

17

In re Michigan-Wisconsin Transportation Co.,
    161 B.R. 628 (Bankr. W.D. Mich. 1993).................................................................9

18

19

In re Murguillo,
    176 B.R. 524 (B.A.P. 9th Cir. 1994).........................................................................8

20

In re Ousley,
    2 B.R. 278 (S.D. Ohio 1988) ..................................................................................10

21

22

In re Pugh, 157 B.R.
    898, 901 (B.A.P. 9th Cir. 1993).........................................................................9, 10

23

In re Twinton Properties Partnership,
    44 B.R. 420 (Bankr. Tenn. 1984)............................................................................10

24

25

In re Vernon Sand & Gravel, Inc.,
    93 B.R. 580 (Bankr. N.D. Ohio 1988)......................................................................9

26

Kham & Nates Shoes No. 2, Inc. v. First Bank of Whiting,
    7 B.R. 420, 424 (Bankr. N.D. Ill. 1989) .................................................................10

27

Pepper v. Litton,
    308 U.S. 25, 304, 60 S.Ct. 244 (1939)...................................................................10

28

SHULMAN HODGES &
BASTIAN LLP
8105 Irvine Center Drive
Suite 600
Irvine, CA 92618

3

Eckerts Van & Storage Motion.docx
3905-000\59

Page 3

## RULES

Federal Rule of Bankruptcy Procedure 3001 .............................................................................. 8, 9

## TREATISES

Collier on Bankruptcy,
    P. 3001.01 (16th ed. 2011)........................................................................................ 9, 10, 11

SHULMAN HODGES &
BASTIAN LLP
8105 Irvine Center Drive
Suite 600
Irvine, CA  92618

Eckerts Van & Storage Motion.docx
3905-000\59

Page 4

1  **TO THE HONORABLE ERITHE A. SMITH, UNITED STATES BANKRUPTCY**

2  **JUDGE; TO CLAIMANT AND ITS COUNSEL; AND ALL PARTIES IN INTEREST:**

3  <u>**NOTICE**</u>

4      **NOTICE IS HEREBY GIVEN** that on **September 2, 2014** at **10:30 a.m.,** or as soon

5  thereafter as the matter may be heard by the Honorable Erithe A. Smith, in Courtroom 5A of the

6  United States Bankruptcy Court located at Ronald Reagan Federal Building and United States

7  Courthouse, 411 West Fourth Street, Santa Ana, California 92701, John M. Wolfe, the Chapter 7

8  trustee ("Trustee") for the bankruptcy estate ("Estate") of Universal Guardian Holdings, Inc.

9  ("Debtor") will and hereby does bring this motion ("Motion") for an order allowing Claim 2

10  filed by Eckert's Van & Storage ("Eckert's") as a secured claim only, not entitled to receive a

11  distribution from this Estate. As set forth in the Declaration of John M. Wolfe, ("Wolfe

12  Declaration"), the grounds for the objection are that Claim 2 has been satisfied or will be

13  satisfied though a sale of Eckert's collateral under its warehouseman's lien. Further, the assets

14  acting as collateral for Claim 2 have not been and are not being administered by the Estate.  As

15  such, there is no basis for Eckert's to receive a distribution from this Estate.

16      Based on this Notice, the following Motion and the Wolfe Declaration, the Trustee

17  requests that Claim 2 be allowed as a secured claim only, not to receive any distribution from

18  this Estate and for such other and further relief that the Court deems just and proper.

19      **RESERVATION OF RIGHTS.**   The objections set forth in this Motion are subject to

20  the Trustee's rights to bring additional objections to Claim 2 on other grounds.

21      **NOTICE IS FURTHER GIVEN THAT THIS MOTION SEEKS TO ALTER THE**

22  **RIGHTS OF THE SPECIFIED CLAIMANT BY ALLOWING CLAIM 2 AS SECURED**

23  **ONLY, NOT ENTITLED TO A DISTRIBUTION FROM THE ESTATE.**

24      The Motion will be based on this Notice of Motion, on the concurrently filed

25  Memorandum of Points and Authorities and the Wolfe Declaration, the pleadings and papers

26  filed herein, the arguments and representations of counsel and any oral or documentary evidence

27  presented at or prior to the time of the hearing, and such other matters as the Court may consider

28  prior to the hearing of the Motion.

SHULMAN HODGES &
BASTIAN LLP
8105 Irvine Center Drive
Suite 600
Irvine, CA  92618

5

Eckerts Van & Storage Motion.docx
3905-000\59

Page 5

1      NOTICE IS FURTHER GIVEN THAT IF YOU DO NOT OPPOSE THE

2  MOTION, YOU NEED TAKE NO FURTHER ACTION.  HOWEVER, IF YOU DESIRE

3  TO RESPOND TO THE MOTION, PURSUANT TO LOCAL BANKRUPTCY RULE

4  9013-1(f), YOU MUST, NOT LATER THAN FOURTEEN (14) DAYS PRIOR TO THE

5  HEARING DATE ON THE MOTION, FILE WITH THE CLERK OF THE ABOVE-

6  REFERENCED COURT AT THE UNITED STATES BANKRUPTCY COURT, 411

7  WEST FOURTH STREET, SANTA ANA, CA 92701, AND SERVE UPON THE

8  TRUSTEE'S COUNSEL, SHULMAN HODGES & BASTIAN LLP, ATTN: MELISSA

9  DAVIS LOWE, 8105 IRVINE CENTER DRIVE, SUITE 600, IRVINE, CA 92618,

10  EITHER: (1) A BRIEF, BUT COMPLETE WRITTEN STATEMENT OF ALL REASONS

11  IN RESPONSE THERETO OR IN SUPPORT OR JOINDER THEREOF AND

12  ANSWERING MEMORANDUM OF POINTS AND AUTHORITIES, DECLARATIONS

13  AND COPIES OF ALL PHOTOGRAPHS AND DOCUMENTARY EVIDENCE ON

14  WHICH YOU INTEND TO RELY; OR (2) A WRITTEN STATEMENT THAT THE

15  MOTION WILL NOT BE OPPOSED.

16      NOTICE IS HEREBY FURTHER GIVEN THAT FAILURE TO FILE AND

17  SERVE A TIMELY AND PROPER RESPONSE MAY BE DEEMED TO CONSTITUTE

18  CONSENT TO THE RELIEF REQUESTED BY THE MOTION.   SEE, LOCAL

19  BANKRUPTCY RULE 9013-1(h).

20      YOU ARE FURTHER NOTIFIED that should you fail to attend the hearing on the

21  Motion at the time and place set forth above, the Court is authorized to enter your default herein

22  and to grant the relief requested as set forth in the Motion.

23  Dated: June 11, 2014           **SHULMAN HODGES & BASTIAN LLP**

24

25      /s/ Melissa Davis Lowe

26      _____
    Leonard M. Shulman
    Melissa Davis Lowe

27      Attorneys for John W. Wolfe, the Chapter 7 Trustee for the
    bankruptcy estate of Universal Guardian Holdings, Inc.

28

SHULMAN HODGES &
BASTIAN LLP
8105 Irvine Center Drive
Suite 600
Irvine, CA  92618

6

Eckerts Van & Storage Motion.docx
3905-000\59

Page 6

## MOTION

In support of the Motion, the Trustee respectfully represents as follows:

## I.      STATEMENT OF FACTS

**A.      Case Commencement**

The Debtor filed a voluntary petition under Chapter 7 of the Bankruptcy Code on June 23, 2008 ("Petition Date").

John M. Wolfe is the duly appointed, qualified and acting Chapter 7 Trustee of the Debtor's Estate.

**B.      Objection to Claim 2 Filed by Eckert's**

The Trustee is advised that prior to the Petition Date, the Debtor entered into a contract with Eckert's for the storage of furniture, fixtures and equipment at Eckert's storage facility located at 849 Grand Avenue, San Marcos, California ("Storage Facility").

During this case, the Trustee obtained that certain Order Authorizing Trustee to Abandon the Estate's Interest in Certain Furniture, Fixtures and Equipment and to Abandon Certain Books and Records and Other Miscellaneous Stored Items ("Abandonment Order") (entered on September 24, 2009, docket 126).   A true and correct copy of the Abandonment Order is attached to the Wolfe Declaration as **Exhibit A**.   Pursuant to the Abandonment Order, the Trustee has not and will not be administering any of the furniture, fixtures and equipment located at the Storage Facility.

On or about September 4, 2008, Eckert's filed its Claim 2 in the Debtor's bankruptcy case asserting a secured claim in the amount of $1,752.50.   Attached as **Exhibit 2** to the Wolfe Declaration is a true and correct copy of Claim 2.

The basis for Claim 2 is "storage of office equipment."   Eckert's asserts its claim is secured by a warehouseman's lien.   Specifically, the contract attached to Claim 2 indicates that Eckert's shall have a lien upon any and all property of the Debtor stored at the Storage Facility or on the proceeds thereof for all lawful charges for storage.

The grounds for objection are: (1) Claim 2 has been satisfied or will be satisfied though a sale of Eckert's collateral under its warehouseman's lien and (2) under the Abandonment Order,

**SHULMAN HODGES &
BASTIAN LLP**
8105 Irvine Center Drive
Suite 600
Irvine, CA  92618

7

Eckerts Van & Storage Motion.docx
3905-000\59

Page 7

1   the assets acting as collateral for Claim 2 have not been and are not being administered by the

2   Estate.  As such, there is no basis for Eckert's to receive a distribution from this Estate.

3       Based on the foregoing, the Trustee requests that Claim 2 be allowed as a secured claim

4   only, not to receive any distribution from this Estate.

5       **II.    MEMORANDUM OF POINTS AND AUTHORITIES**

6   **A.    Claimant Has Not Met Its Burden of Proof**

7   Federal Rule of Bankruptcy Procedure 3001 provides in relevant part as follows:

8       (a)    *Form and Content*.  A proof of claim is a written statement
        setting forth a creditor's claim.  A proof of claim shall conform
9       substantially to the appropriate Official Form.

10                          . . .

11      (c)    *Claim Based on a Writing*.  When a claim, or an interest in
        property of the Debtor securing the claim, is based on a writing,
        the original or a duplicate shall be filed with the proof of claim.  If
12      the writing has been lost or destroyed, a statement of the
        circumstances of the loss or destruction shall be filed with the
13      claim.

14                          . . .

15      (f)    *Evidentiary Effect*.  A proof of claim executed and filed in
        accordance with these rules shall constitute prima facie evidence of
        the validity and amount of the claim.

16

17  Although a proof of claim is deemed <u>prima</u> <u>facie</u> allowable, if the Trustee objects to the

18  claim under Bankruptcy Code section 502 with evidence to rebut the <u>prima</u> <u>facie</u> validity of the

19  claim, the ultimate burden of persuasion is shifted back to the claimant. <u>See</u>, e.g., <u>In re</u>

20  <u>Murguillo</u>, 176 B.R. 524, 529 (B.A.P. 9th Cir. 1994).

21  A proof of claim executed and filed in accordance with Rule 3001 constitutes <u>prima</u> <u>facie</u>

22  evidence of the validity and amount of the claim.  <u>Garner v. Shier (In re Garner)</u>, 246 B.R. 617

23  (B.A.P. 9th Cir. 2000), <u>but</u> <u>see</u> <u>Heath v. American Express Travel Related Services Co.</u>, 331

24  B.R. 424 (B.A.P. 9th Cir. 2005) (failure to file a proof of claim in accordance with Rule 3001(c)

25  does not as a matter of law require the court to disallow the claim, but can raise an evidentiary

26  basis to object to the unsupported aspects of the claim).    Bankruptcy courts throughout the

27  country as well as a leading treatise on bankruptcy law agree that in order for a claim to be

28  afforded the <u>prima</u> <u>facie</u> validity set forth in Rule 3001(f), it must first comply with the rules for

SHULMAN HODGES &
BASTIAN LLP
8105 Irvine Center Drive
Suite 600
Irvine, CA  92618

8

Eckerts Van & Storage Motion.docx
3905-000\59

Page 8

1    properly filing a proof of claim including, but not limited to, the mandates set forth in Rule 3001.

2    In the case of an individual debtor, sanctions may be imposed for failure to meet the

3    requirements of Rule 3001.  See, In re Consolidated Pioneer Mortgage, 178 B.R. 222, 226 (9th

4    Cir. BAP 1995); Collier on Bankruptcy, P. 3001.01 (16th ed. 2011).

5            If a claim is entitled to the prima facie validity set forth by Rule 3001(f), a party objecting

6    to a claim must present affirmative evidence to overcome the presumptive validity of a properly

7    filed proof of claim, after which the burden of proof shifts back to the claimant.  In re Holm, 931

8    F.2d 620, 623 (9th Cir. 1991); In re Michigan-Wisconsin Transportation Co., 161 B.R. 628

9    (Bankr. W.D. Mich. 1993).  In re Allegheny International, Inc., 954 F.2d 167 (3rd Cir. 1992),

10   the Third Circuit stated in pertinent part:

11           [A] claim that alleges facts sufficient to support a legal liability to
             the claimant satisfies the claimant's initial objection to go forward.
12           The burden of going forward then shifts to the objector to produce
             evidence sufficient to negate the prima facie validity of the filed
13           claim . . ..  In practice, the objector must produce evidence which,
             if believed, would refute at least one of the allegations that is
14           essential to the claims legal sufficiency.  If the objector produces
             sufficient evidence to negate one or more of the sworn facts in the
15           proof of claim, the burden reverts to the claimant to prove the
             validity of the claim by a preponderance of the evidence.
16

17   Id. at 174-75; see also, In re Global Western Dev. Corp., 759 F.2d 724 (9th Cir. 1985).

18           The Bankruptcy Appellate Panel for the Ninth Circuit stated in pertinent part:

19           If the objector produces evidence sufficient to negate the validity
             of the claim, the ultimate burden of persuasion remains on the
20           claimant to demonstrate by a preponderance of the evidence that
             the claim deserves to share in the distribution of the debtor's
21           assets.

22   In re Pugh, 157 B.R. 898, 901 (B.A.P. 9th Cir. 1993).

23           The objecting party is not required to disprove the claim.  In re Kahn, 114 B.R. 40

24   (Bankr. S.D.N.Y. 1990).  The objecting party only has the initial burden of producing facts

25   sufficient to demonstrate that an actual dispute regarding the validity or amount of the claim

26   exists.  In re Hydorn, 94 B.R. 608 (Bankr. W.D. Mo. 1988).  The burden of persuasion is always

27   on the claimant to establish his entitlement to the claim.  In re Holm, supra; In re Vernon Sand &

28   Gravel, Inc., 93 B.R. 580 (Bankr. N.D. Ohio 1988); In re Twinton Properties Partnership, 44

SHULMAN HODGES &
BASTIAN LLP
8105 Irvine Center Drive
Suite 600
Irvine, CA 92618

9

Eckerts Van & Storage Motion.docx
3905-000\59

Page 9

1  B.R. 420 (Bankr. Tenn. 1984); In re Ousley, 2 B.R. 278 (S.D. Ohio 1988); Kham & Nates Shoes

2  No. 2, Inc. v. First Bank of Whiting, 7 B.R. 420, 424 (Bankr. N.D. Ill. 1989) (claimant bears

3  burden of persuasion by preponderance of evidence); Pepper v. Litton, 308 U.S. 25, 304, 60

4  S.Ct. 244 (1939) (the bankruptcy court has the power to "shift" the circumstances surrounding

5  any claim to see that injustice or unfairness is not done in an administration of the bankruptcy

6  estate).  The standard of proof that the claimant must satisfy to establish a valid claim against the

7  bankrupt estate is a preponderance of the evidence.   In re Pugh, supra; Collier, supra,   P.

8  3001.09.

9        In the present case, the Trustee has raised issues sufficient to controvert the validity of

10  Claim 2.  Specifically, the Trustee has examined Claim 2 and determined that (1) Claim 2 has

11  been satisfied or will be satisfied though a sale of Eckert's collateral under its warehouseman's

12  lien, and (2) under the Abandonment Order, the assets acting as collateral for Claim 2 have not

13  been and are not being administered by the Estate.  As such, there is no basis for Eckert's to

14  receive a distribution from this Estate.

15        As such, Eckert's must establish by a preponderance of the evidence that its Claim 2

16  should be allowed as the burden of persuasion is now on Eckert's.

17        Based on the foregoing, the Trustee respectfully requests that the objections to Claim 2

18  be sustained and that Claim 2 be allowed as a secured claim only and not entitled to a

19  distribution from the Estate.

20  **B.      Absent a Response by a Claimant, the Objection Should be Sustained**

21        In In re Lewis, 80 B.R. 39 (Bankr. E.D. Pa. 1987), the court addressed the situation where

22  a claimant fails to respond by stating:

23              [a]n objection to a Proof of Claim is filed and properly served, but
              the claimant fails to answer in writing or to appear at the hearing.
24              In this situation, we believe that the proper result is to strike the
              Proof of Claim.  The filing of the objection calls the prima facie
25              validity of the claim into question, and the claimant, to preserve
              the claim, must express some interest in doing so.  Thus, the
26              objection cancels out the mere filing of a Proof of Claim and the
              failure of the claimant to defend it requires us to sustain the
27              objection without question, just as we are not inclined to question
              the validity of the Proof of Claim as filed if there is no objection to
28              it.

SHULMAN HODGES &
BASTIAN LLP
8105 Irvine Center Drive
Suite 600
Irvine, CA  92618

10

Eckerts Van & Storage Motion.docx
3905-000\59

Page 10

1  (Emphasis added).  Id. at 40-41.

2      Bankruptcy Code Section 502(b) enumerates the grounds for disallowance and  provides

3  for   allowance   by the   Bankruptcy Court "except   to the extent that . . . such claim is

4  unenforceable against the debtor and property of the debtor under any agreement or applicable

5  law for a reason other than because such claim is contingent or unmatured."  In other words, any

6  defense the debtor may have to the enforceability to the claim outside bankruptcy is a good

7  defense to the allowance of the claim to the estate.  Collier, supra, P. 502.02.

8      While the burden of persuasion is always on a claimant, the burden of proof for claims is

9  a shifting one: a claim is prima facie valid if it alleges facts sufficient to support a legal liability

10  to the claimant; if the objector then produced evidence to refute at least one of the allegations

11  essential to the claim's legal sufficiency, the burden of going forward shifts back to the claimant

12  to prove the validity of the claim by a preponderance of the evidence.  Allegheny, supra.

13      Thus, absent a response by Eckert's, the Trustee's objections should be sustained.

14  ## III.  <u>CONCLUSION</u>

15      Based on the foregoing, Eckert's did not meet its burden of proof because its Claim 2 is

16  presumptively invalid pursuant to Rule 3001(f) and because Eckert's has not provided any

17  evidentiary basis to meet its burden of proof.  Furthermore, the Trustee has provided evidence

18  challenging the substance of Claim 2.  Accordingly, the Trustee respectfully requests that this

19  Court grant the Motion and enter an order allowing Claim 2 as a secured claim only, not to

20  receive a distribution from the Estate, without prejudice to the Trustee's right to object to Claim

21  2 on other grounds at a later date, and for such other and further relief as the Court may deem

22  just and proper.

23

24  Dated: June 11, 2014        **SHULMAN HODGES & BASTIAN LLP**

25            /s/ Melissa Davis Lowe

26            _____

27            Leonard M. Shulman
          Melissa Davis Lowe

28            Attorneys for John W. Wolfe, the Chapter 7 Trustee for the
          bankruptcy estate of Universal Guardian Holdings, Inc.

SHULMAN HODGES &
BASTIAN LLP
8105 Irvine Center Drive
Suite 600
Irvine, CA  92618

Eckerts Van & Storage Motion.docx
3905-000\59

11

Page 11

# DECLARATION

1

## DECLARATION OF JOHN M. WOLFE

2      I, John M. Wolfe, declare and state as follows:

3      1.      I am the Chapter 7 Trustee for the bankruptcy estate of <u>In re Universal Guardian</u>

4 <u>Holdings, Inc.</u>, Case No. 8:08-bk-13532-ES ("Debtor").  I have personal knowledge of the facts

5 set forth herein and could, if called as a witness, competently testify thereto.

6      2.      I am familiar with the Debtor's bankruptcy proceeding and make this Declaration

7 in support of my **Motion Objecting to Claim 2 by Eckert's Van & Storage (Allowed As**

8 **Secured Only, Not Entitled to Share in a Distribution From the Estate)** ("Motion").   All

9 capitalized terms not otherwise defined herein shall have the meaning set forth in the Motion.

10      3.      The Court's docket indicates that the Debtor filed a voluntary petition under

11 Chapter 7 of the Bankruptcy Code on June 23, 2008 ("Petition Date").

12      4.      I am advised that prior to the Petition Date, the Debtor entered into a contract with

13 Eckert's for the storage of furniture, fixtures and equipment at Eckert's storage facility located at

14 849 Grand Avenue, San Marcos, California ("Storage Facility").

15      5.      During this case, I obtained that certain Order Authorizing Trustee to Abandon

16 the Estate's Interest in Certain Furniture, Fixtures and Equipment and to Abandon Certain Books

17 and Records and Other Miscellaneous Stored Items ("Abandonment Order") (entered on

18 September 24, 2009, docket 126).   A true and correct copy of the Abandonment Order is

19 attached hereto as **Exhibit A**.   Pursuant to the Abandonment Order, I have not and will not be

20 administering any of the furniture, fixtures and equipment located at the Storage Facility.

21      6.      On or about September 4, 2008, Eckert's filed its Claim 2 in the Debtor's

22 bankruptcy case asserting a secured claim in the amount of $1,752.50.   Attached hereto as

23 **Exhibit 2** is a true and correct copy of Claim 2.

24      7.      The face of Claim 2 indicates the amount owed is for "storage of office

25 equipment."   Eckert's asserts its claim is secured by a warehouseman's lien.   Specifically, the

26 contract attached to Claim 2 indicates that Eckert's shall have a lien upon any and all property of

27 the Debtor stored at the Storage Facility or on the proceeds thereof for all lawful charges for

28 storage.

**SHULMAN HODGES &
BASTIAN LLP**
8105 Irvine Center Drive
Suite 600
Irvine, CA  92618

12

Eckerts Van & Storage Motion.docx
3905-000\59

**Page 13**

8.      The grounds for objection to Claim 2 are: (i) Claim 2 has been satisfied or will be satisfied though a sale of Eckert's collateral under its warehouseman's lien, and (ii) under the Abandonment Order, the assets acting as collateral for Claim 2 have not been and are not being administered by the Estate.  As such, there is no basis for Eckert's to receive a distribution from this Estate.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on June 11, 2014, at Irvine, California.

_____
John M. Wolfe

SHULMAN HODGES &
BASTIAN LLP
8105 Irvine Center Drive
Suite 600
Irvine, CA  92618

Eckerts Van & Storage Motion.docx
3905-000\59

13

Page 14

# EXHIBIT 2

# Claim 2

ORIGINAL

B10 (Official Form 10) (12/07)

| UNITED STATES BANKRUPTCY COURT Central District Of California | PROOF OF CLAIM |
|---|---|

| Name of Debtor: Universal Guardian Holdings, Inc. | Case Number: 08-13532 ES |
|---|---|

NOTE: *This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.*

Name of Creditor (the person or other entity to whom the debtor owes money or property):
ECKERT'S VAN & STORAGE

☐ Check this box to indicate that this claim amends a previously filed claim.

Name and address where notices should be sent:
ECKERT'S VAN & STORAGE
849 Grand Avenue
San Marcos, CA 92078

**FILED**
SEP - 4 2008
CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY: _____ Deputy Clerk

Court Claim Number: _____
(If known)

Filed on: _____

Telephone number: 760-744-3636

Name and address where payment should be sent (if different from above):

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

Telephone number:

**1. Amount of Claim as of Date Case Filed:** $ 1752.50

If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4.

If all or part of your claim is entitled to priority, complete item 5.

☐ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges.

**2. Basis for Claim:** STORAGE of office Equipment
(See instruction #2 on reverse side.)  Monthly STORAGE $152.50 per month

**3. Last four digits of any number by which creditor identifies debtor:** 2381

**3a.** Debtor may have scheduled account as: _____
(See instruction #3a on reverse side.)

**4. Secured Claim** (See instruction #4 on reverse side.)
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.

**Nature of property or right of setoff:** ☐ Real Estate   ☐ Motor Vehicle   ☒ Other
Describe:

Value of Property: $_____   Annual Interest Rate ___ %

Amount of arrearage and other charges as of time case filed included in secured claim,
if any: $ 1752.50   Basis for perfection: Warehouseman Lien

Amount of Secured Claim: $_____   Amount Unsecured: $_____

**6. Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

**7. Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. (See definition of "redacted" on reverse side.)

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

**5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a).** If any portion of your claim falls in one of the following categories, check the box and state the amount.

Specify the priority of the claim.

☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. §507 (a)(4).

☐ Contributions to an employee benefit plan - 11 U.S.C. §507 (a)(5).

☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. §507 (a)(7).

☐ Taxes or penalties owed to governmental units - 11 U.S.C. §507 (a)(8).

☐ Other - Specify applicable paragraph of 11 U.S.C. §507 (a)(__).

**Amount entitled to priority:**
$_____

*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

| Date: 9/3/08 | **Signature:** The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.  PAULA D. NIX Bookkeeper | FOR COURT USE ONLY |
|---|---|---|

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

# EXHIBIT 2

# READ THIS RECEIPT AND CONTRACT
## PROVISIONS, LIMITATIONS, TERMS AND CONDITION OF CONTRACT

**1. OWNERSHIP OF GOODS:** Depositor has represented to the Company that the Depositor has the lawful possession of and legal right and authority to store all of the property herein described, in accordance with the provisions, limitation, terms and conditions herein set forth, and if there be any litigation concerning the property, the Depositor agrees to pay all Attorney's fees, which this Company may reasonably incur or become liable to pay in connection therewith. This Company shall have a lien on said property for all storage and other charges and for such costs and expenses.

**2. TERMS OF PAYMENT:** Payments for storage and other charges are due and payable upon the date of this receipt and on the same date of each succeeding month thereafter, and where goods are allowed to remain in storage for a fraction of a month, a full month's storage will be charged. An interest charge, at the legal rate of interest in this state, charged monthly will be made on freight or other charges as advanced by the Company. A like interest charge will be assessed on the entire unpaid balance of the account if storage charges remain unpaid.

**3. ADDITIONS TO STORAGE LOT:** Any additional goods hereafter delivered by the Depositor to the Company for storage as a part of this lot while this receipt is outstanding shall be subject to the terms, limitations and conditions hereof.

**4. CORRECTIONS OF ERRORS:** Unless notice is given in writing to the Company within fifteen (15) days after either the mailing of this receipt to the Depositor or the delivery of this receipt personally to the Depositor, this Receipt and Contract will be deemed to be correct, complete and the terms and conditions accepted.

**5. LIABILITY OF COMPANY:** (a) It is agreed that said property be moved, packed, stored, shipped, forwarded, or otherwise handled at customer's risk with respect to damage, loss, or delay caused by extremes of temperature, dampness of atmosphere, fire, acts of God or the public enemy, war, insurrection, strikes, labor troubles, riots, earthquake, nature of property or defect or inherent vice therein, deterioration by time, moths, termites, vermin, rodents, leakage and heat etc. The Company shall not be liable for damage or injury to pianos, radios, television, clocks, refrigerators, electronic equipment, computers, or other instruments or appliances, in respect to the mechanical functions thereof, whether or not such articles are packed, unpacked, or stored by employees of the Company or by others. The Company shall not be chargeable with knowledge of the contents of containers or the conditions therein.

(b) The Company shall not be liable for injury or damage to fragile articles (articles susceptible to breakage or crushing) that are not both packed and unpacked by its employees.

(c) The Company shall be liable only for its failure to use ordinary care and then only upon the basis of Depositor's declared valuation of the goods. The burden of providing negligence or failure to use the care required by law shall be upon the Depositor.

**6. SERVICES TO STORED GOODS:** Services required of this Company are limited to storage, packing, moving and shipping, and the Company does not accept responsibility in respect to additional attention or service. Should the Company, however, in its sole discretion, determine that moth-treating, fumigating, or otherwise treating or handling all or a potion of the goods stored hereunder is necessary for the protection of the goods, or of other depositors' goods stored in the depository, it may render such additional service and add its charge therefor to the amount payable by the depositor hereunder.

**7. FULL VALUE PROTECTION OR INSURANCE:** Goods are not insured by the Company. If insurance or Full Value Protection is desired the Depositor must make a written request, specify the kind of coverage desired and pay the premiums or any additional charges thereon. If the amount of coverage desired and ordered is less than the true value of the property, the Depositor becomes a co-insurer or a co-holder of Full Value Protection. Where the value of any one article exceeds $500.00, a specific mention must be made thereof.

**8. BUILDING - WATCHMAN:** No warranty or representation is made that any of the Company's depositories are fireproof or that the goods stored therein cannot be destroyed by fire. The Company shall not be required to maintain a watchman.

**9. DELIVERY AND ACCESS TO GOODS:** The goods deposited hereunder will be ready for delivery or access during regular working days, upon reasonable notice from the Depositor or any other specified person on his or her behalf on presentation of written authority executed by said Depositor and providing that all storage and other charges owing to the Company are paid in full. No transfer of this receipt will be recognized unless all charges are paid and said transfer is entered on the books of the Company, and a charge paid therefor. A warehouse labor charge will be made for placing goods in storage and for removing to platform for delivery. An additional charge will be made for all access to or part delivery of goods.

**10. CHANGE OF ADDRESS:** Notice of any change of address of the Depositor must be given by the Company to the Company, in writing and acknowledged in writing by the Company on the following monthly statement and no notice of any change of address shall be valid or binding against the Company, if given in any other manner, and it is hereby expressly understood and agreed that all notices of any nature to the Depositor shall be sent to the latest known address as shown on the face of this warehouse receipt until such written notice of change is received by said Company, and acknowledged by it in writing on the following monthly statement.

**11. WAREHOUSEMAN'S LIEN:** This Company shall have a lien upon any and all property deposited with it by Depositor, or on the proceeds thereof in its hand, for all lawful charges for storage and preservation of interest, transportation, labor, wrapping, weighing, packing and all other charges and expenses in relation to such property, or any part thereof; and also for all reasonable charges and expenses for notice and advertisement of sale and for the sale of property, where default has been made in satisfying this Company's lien. This lien may be enforced by the Company at any time either by public or private sale of the goods with or without a judicial hearing.

**12. TIME FOR FILING CLAIMS-ARBITRATION:** (a) The Company shall not be liable for the loss, destruction, or damage to the goods of any part thereof unless a claim in writing therefor is presented to the Company within fifteen (15) days after the delivery of the goods or refusal or demand therefor or within thirty (30) days after written notice of the loss or damage to the goods is mailed to the Depositor at the last known address.

(b) Any dispute or claim arising out ot or for the breach of this agreement or in connection with the property stored hereunder, whether founded in tort or contract, shall be settled by arbitration under the Arbitration Law of this state and under the rules of the American Arbitration Association, provided, however, that upon any such arbitration, the arbitrator may not vary, modify or disregard the provisions contained herein, including those respecting the declared or agreed valuation of the goods and the limitation of liability of the Company. The award may be entered as a judgment of a court of record in the county where the award is made. The Depositor and the Company shall share equally the cost of arbitration. Court costs shall be borne by the losing party.

It is hereby agreed that this document constitutes the whole contract between the parties and that there are no other terms, warranties, representations, or agreements of either depositor or Company not herein contained.

### ORDER FOR DELIVERY

Date _____

Kindly deliver goods on this Warehouse Receipt to _____

_____ Phone _____

The responsibility of the Warehouse is to continue in full force and effect and upon all conditions and limitations as provided in the terms of the Contract and Warehouse Receipt until delivery of goods to the above address.

In case goods are delivered to truckman other than the Company's Trucks, the responsibility of the Warehouse ceases when goods are turned over to said truckmen.

Goods for places where receipts are customarily refused or where no authorized person is present to sign for them, may be left at my risk.

**EXHIBIT 2**

If goods cannot be delivered to the storage facility by the stairs or elevator, I agree to pay for any and all extra charges for hoisting or other necessary labor.

Delivery date _____    Sign here _____

# Exhibit A

# Abandonment Order

James C. Bastian, Jr. - Bar No. 175415
Melissa R. Davis – Bar No. 245521
**SHULMAN HODGES & BASTIAN LLP**
26632 Towne Centre Drive, Suite 300
Foothill Ranch, California 92610-2808
Telephone:     (949) 340-3400
Facsimile:      (949) 340-3000

Attorneys for John M. Wolfe,
The Chapter 7 Bankruptcy Trustee

FILED & ENTERED

SEP 24 2009

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY kent        DEPUTY CLERK

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA, SANTA ANA DIVISION

| | |
|---|---|
| In re | Case No.  8:08-13532-ES |
| **UNIVERSAL GUARDIAN HOLDINGS, INC.** | Chapter  11 |
| Debtor. | **ORDER AUTHORIZING TRUSTEE TO ABANDON THE ESTATE'S INTEREST IN CERTAIN FURNITURE, FIXTURES AND EQUIPMENT AND TO ABANDON CERTAIN BOOKS AND RECORDS AND OTHER MISCELLANEOUS STORED ITEMS** |
| | [No Hearing Set Pursuant to Local Bankruptcy Rule 9013-1(o)(1)] |

The Court having read and considered the Motion designated as docket number 121 on the  Court's docket for this case and entitled "Chapter 7 Trustee's Motion for Order Authorizing Trustee to Abandon the Estate's Interest in Certain Furniture, Fixtures and Equipment and to Abandon Certain Books and Records and Other Miscellaneous Stored Items; Memorandum of Points and Authorities; and Declaration of John M. Wolfe in Support Thereof" ("Motion"), filed by John M. Wolfe, Chapter 7 Trustee for the bankruptcy estate ("Estate") of Universal Guardian Holdings, Inc. ("Debtor"), and it appearing from the Declaration of James C. Bastian, Jr. filed concurrently herewith that proper notice has been given and good cause has been shown, it is hereby

1

SHULMAN HODGES &
BASTIAN LLP
26632 Towne Centre Drive
Suite 300
Foothill Ranch, CA 92610

3905-000
G:\Wp\Cases\U-V\Universal Guardian\Pld\Abandon Order

# EXHIBIT A

1      **ORDERED** that the Motion is granted as follows:

2      1.      The Trustee is authorized to abandon the Estate's interest in the furniture, fixtures

3  and equipment of the Estate located at Eckert's Van & Storage, 849 Grand Avenue, San Marcos,

4  California, effective as of the Petition Date.

5      2.      Following the inspection and retrieval by the Trustee and his counsel and the

6  buyer of the Cobra Stunlight Assets, the Trustee is authorized to abandon the Estate's interest in

7  the remaining books and records and other miscellaneous items of the Estate described in the

8  Motion which are located at a storage facility located at 17792 Cowan, Irvine 92614.

9      3.      In the event that any of the abandoned items under this Order are not picked up by

10  the Debtor within ten days of the date of a Court order authorizing their abandonment, the

11  Trustee is authorized to destroy the abandoned items if necessary.

12

13

14                                    # # #

15

16

17

18

19

20

21

22

23

24                                    _Erithe A. Smith_

25  DATED: September 24, 2009          _____
                                      United States Bankruptcy Judge

26

27

28

SHULMAN HODGES &
BASTIAN LLP
26632 Towne Centre Drive
Suite 300
Foothill Ranch, CA 92610

                                    2

3905-000

G:\Wp\Cases\U-V\Universal Guardian\Pld\Abandon Order TE 090909

# EXHIBIT A

| In re:<br>**UNIVERSAL GUARDIAN HOLDINGS, INC.**<br><div align="right">Debtor(s).</div> | CHAPTER **7**<br><br>CASE NUMBER **8:08-bk-13532 ES** |
|---|---|

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate a NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: **26632 Towne Centre Drive, Suite 300, Foothill Ranch, California 92610**.

A true and correct copy of the foregoing document described as **ORDER AUTHORIZING TRUSTEE TO ABANDON THE ESTATE'S INTEREST IN CERTAIN FURNITURE, FIXTURES AND EQUIPMENT AND TO ABANDON CERTAIN BOOKS AND RECORDS AND OTHER MISCELLANEOUS STORED ITEMS** will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner indicated below:

**I.   TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On **NOT APPLICABLE,** I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:
None.

                                                 ❑   Service information continued on attached page

**II.   SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served) - On **August 31, 2009**, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. *Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.*

**Interested Party – Via U.S. Mail**
**United States Trustee**
**Ronald Reagan Federal Building**
**and United States Courthouse**
**411 West Fourth Street Suite 9041**
**Santa Ana, CA 92701-8000**

                                                 ❑   Service information continued on attached page

**III.   SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to Fed. R. Civ. P. 5 and/or controlling LBR, on **August 31, 2009** I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. *Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.*

**Judges Copy**
**U.S. Bankruptcy Court**
**Erithe Smith, United States Bankruptcy Judge**
**411 West Fourth Street Suite 5041**
**Santa Ana, CA 92701**

                         ❑   Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| August 31, 2009 | Lorre Clapp | /s/  Lorre Clapp |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*

# EXHIBIT A

F 9013-3.1

| In re:<br><br>**UNIVERSAL GUARDIAN HOLDINGS, INC.**<br><br>Debtor(s). | CHAPTER **7**<br><br>CASE NUMBER **8:08-bk-13532 ES** |
|---|---|

**NOTE TO USERS OF THIS FORM:**

**1)** Attach this form to the last page of a proposed Order or Judgment.  Do not file as a separate document.

**2)** The title of the judgment or order and all service information must be filled in by the party lodging the order.

**3)** **Category I.** below:  The United States trustee and case trustee (if any) will always be in this category.

**4)** **Category II.** below:  List ONLY addresses for debtor (and attorney), movant (or attorney) and person/entity (or attorney) who filed an opposition to the requested relief.  DO NOT list an address if person/entity is listed in category I.

# NOTICE OF ENTERED ORDER AND SERVICE LIST

Notice is given by the court that a judgment or order entitled (*specify*)  **ORDER AUTHORIZING TRUSTEE TO ABANDON THE ESTATE'S INTEREST IN CERTAIN FURNITURE, FIXTURES AND EQUIPMENT AND TO ABANDON CERTAIN BOOKS AND RECORDS AND OTHER MISCELLANEOUS STORED ITEMS** was entered on the date indicated as "Entered" on the first page of this judgment or order and will be served in the manner indicated below:

**I.**   **SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s), the foregoing document was served on the following person(s) by the court via NEF and hyperlink to the judgment or order. As of **August 21, 2009**, the following person(s) are currently on the Electronic Mail Notice List for this bankruptcy case or adversary proceeding to receive NEF transmission at the email address(es) indicated below.

- **James C Bastian jbastian@shbllp.com**
- **Melissa Davis mdavis@shbllp.com**
- **Robert P Goe kmurphy@goeforlaw.com**
- **Joseph T Moldovan bankruptcy@morrisoncohen.com**
- **United States Trustee (SA) ustpregion16.sa.ecf@usdoj.gov**
- **Marc J Winthrop pj@winthropcouchot.com**
- **John M Wolfe john.wolfe1@earthlink.net, CA83@ecfcbis.com**

❑  Service information continued on attached page

**II.**   **SERVED BY THE COURT VIA U.S. MAIL:** A copy of this notice and a true copy of this judgment or order was sent by United States Mail, first class, postage prepaid, to the following person(s) and/or entity(ies) at the address(es) indicated below:

❑  Service information continued on attached page

**III.**   **TO BE SERVED BY THE LODGING PARTY**: Within 72 hours after receipt of a copy of this judgment or order which bears an "Entered" stamp, the party lodging the judgment or order will serve a complete copy bearing an "Entered" stamp by U.S. Mail, overnight mail, facsimile transmission or email and file a proof of service of the entered order on the following person(s) and/or entity(ies) at the address(es), facsimile transmission number(s), and/or email address(es) indicated below:

❑  Service information continued on attached page

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*

# EXHIBIT A

**F 9021-1.1**

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: **8105 Irvine Center Drive, Suite 600, Irvine, California 92618**

A true and correct copy of the foregoing document entitled (*specify*): **NOTICE OF MOTION AND CHAPTER 7 TRUSTEE'S MOTION OBJECTING TO CLAIM 2 BY ECKERT'S VAN & STORAGE (ALLOWED AS SECURED ONLY, NOT ENTITLED TO SHARE IN A DISTRIBUTION FROM THE ESTATE); MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATION OF JOHN M. WOLFE IN SUPPORT THEREOF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.   TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **July 16, 2014**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **James C Bastian     jbastian@shbllp.com** *Attorney for the Trustee*

- **Robert P Goe     kmurphy@goeforlaw.com, rgoe@goeforlaw.com;mforsythe@goeforlaw.com** *Attorney for Roswell Capital Partners, LLC*

- **Melissa Davis Lowe     mdavis@shbllp.com** *Attorney for the Trustee*

- **Joseph T Moldovan     bankruptcy@morrisoncohen.com** *Attorneys for BridgePointe Master Fund Ltd*

- **United States Trustee (SA)     ustpregion16.sa.ecf@usdoj.gov** *Office of United States Trustee*

- **Marc J Winthrop     mwinthrop@winthropcouchot.com, pj@winthropcouchot.com;vcorbin@winthropcouchot.com** *Attorney for the Debtor*

- **John M Wolfe     john.wolfe1@earthlink.net, ecf.alert+jmwolfe@titlexi.com** *Chapter 7 Trustee*

- **John M Wolfe (TR)     john.wolfe@txitrustee.com, ecf.alert+jmwolfe@titlexi.com** *Chapter 7 Trustee*

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) **July 16, 2014**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

**Claimant – U.S. Bank National Association:**
**Eckert's Van & Storage**
**Attn President or Manager Agent**
**Attn Paula D Nix, Bookkeeper**
**849 Grand Avenue**
**San Marcos, CA 92078**

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*)   **July 16, 2014**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.
**Judge's Copy - Via Messenger:**
**Honorable Erithe A. Smith, US Bankruptcy Court, 411 W Fourth St, Bin Beside 5th Fl Elevators, Santa Ana, CA 92701**

☐ Service information continued on attached page
I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| July 16, 2014 | Lorre Clapp | /s/ Lorre Clapp |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.