Dilks & Knopik

Purchase and Assignment Agreement

This Purchase and Assignment Agreement (the "Agreement") is entered into as of Thursday, July 21, 2016 (the "Effective Date") by and between Dilks & Knopik, LLC, a Washington Limited Liability Company, with a principal place of business at 35308 SE Center Street, Snoqualmie, WA 98065, (the "Assignee") and Harborview Master Fund, L.P, with an address of 189 Berdan Ave, Wayne, NJ 07470 (the "Assignor").

#15

1. Recitals

   1.1 Assignor is/was a properly named and lawful creditor in Universal Guardian Holdings, Inc. (8:08-bk-13532-ES) as filed in the Central District of California (the "Case"). As a creditor in the Case, Assignor was entitled to distribution of funds from the assets of the Debtor's Bankruptcy Estate in the amount of $3,083.99 (the "Funds"). Remittance to Assignor was not successful, and pursuant to Federal Rule of Bankruptcy Procedure 3011 and 11 U.S.C. 347, the Funds were deposited into the Registry of the Court. The Funds then being subject to withdrawal in accordance with 28 U.S.C. 2042.

   1.2 Assignor not desirous of attempting collection of the Funds, nor wishing to incur the time and expense of such collection, does hereby wish and does sell, assign, and convey to the Assignee, for good and valuable consideration, all of Assignor's rights, title and interest in the Funds, without the presence of undue influence or coercion.

NOW THEREFORE, in consideration of mutual obligations, covenants, representations, and warranties herein, the parties agree as follows:

2. Assignment of Interest.

   2.1 *Assets Assigned.* The assets herein are assigned to Assignee are those stated in paragraph 1.1 above, or if more than one creditor claim was made in the Case those identified in Schedule 1, attached hereinto and incorporated by reference, that collectively are the Funds held for the benefit of Assignor by the Clerk of the Court of the court identified in paragraph 1.1 in the Unclaimed Funds Registry.

   2.2 *Assignment of Interest.* As herein contemplated, Assignor, without recourse, hereby does sell, assign, transfer and convey all of Assignor's rights, title, and interest in the Funds, in an AS IS basis, for good and valuable consideration without undue influence or coercion, and of his/her/its free will. In the interest of consummating this Agreement, both parties do acknowledge and agree to fulfill their obligations herein to affect the lawful assignment, transfer, and conveyance of the Funds to Assignee, who thereafter shall be the sole and lawful owner of the Funds having all right, title, and interest to the same.

   2.3 *Consideration.* The consideration herein given by Assignee to Assignor shall be the sum of $▓▓▓▓▓, to be paid by any lawful tender upon execution of this Agreement, receipt of the Funds, and fulfillment of the obligations hereunder.

   2.4 *Further Consideration.* As further consideration, Assignor shall be entitled to ▓▓▓▓ of any additional amounts recovered by Assignee over and above the Funds, or asset(s) herein assigned, if any. Assignor does however understand and acknowledge that payment of any further consideration that Assignor may be entitled to under this Agreement is only a contingent interest and is not guaranteed; is not to be considered or used to further as invalidation of this Agreement or the assignment herein contemplated; and is not a grant of any rights, additional rights or reservation of rights in the asset(s) herein assigned to Assignee.

   2.5 *Power of Attorney.* To the extent necessary under applicable law, the Assignor does hereby appoint for the limited purpose of collection of the Funds and fulfillment of Assignor's obligation(s) under this Agreement, Dilks and Knopik, LLC as its attorney-in-fact.

3. Closing. The closing of the transaction herein contemplated shall be done immediately upon fulfillment of each parties obligations hereunder, or on such other date as the parties may agree (the "Closing Date"). At the closing, Assignor shall deliver an original of this Agreement and such other documents as may be required to consummate this transaction, and Assignee shall deliver a countersigned Agreement and any other document(s) requiring countersignature, and the consideration contemplated herein. Any closing costs shall be paid by the party incurring such costs.

### 4. Representations and Warranties.

**4.1 Assignor.** Assignor does hereby represent and warrant that (a) he/she/it is legally competent to execute this Agreement, and has full power, authority and legal right to execute, deliver, and perform as agreed under this Agreement, (b) that he/she/it is the sole and lawful entity entitled to the Funds herein assigned to Assignee, (c) that he/she/it has not otherwise pledged, sold, assigned, transferred, or conveyed the interest herein assigned to Assignee to any other party, person or entity, in whole or in part, providing such proof as may be necessary (d) that he/she/it is not involved in any legal proceeding that may affect any right to sell, assign, transfer or convey to Assignee the interest in the Funds herein contemplated, (e) that he/she/it performs under this contract without undue influence or coercion on the party of the Assignee or any other party, and (f) that he/she/it shall cooperate with Assignee to fulfill his/her/its obligations under this Agreement and to Assignor, including execution of this Agreement and such other documents as may be necessary to effect the assignment to Assignee without delay.

**4.2 Assignee.** Assignee does hereby represent and warrant that it has full power, authority and legal right to execute this Agreement, and shall cooperate with Assignor to fulfill its obligations under this Agreement to Assignee.

### 5. General Provisions.

**5.1 Enforceability.** This Agreement constitutes full understanding of the parties superseding any and all prior agreements, oral or written, and the binding obligations of the parties in accordance its terms except as may be limited by operation of law.

**5.2 Binding Effect.** The terms and provisions of this Agreement shall be binding on and inure to the benefit of the successors, assigns, heirs, and legatees of the parties.

**5.3 Notices.** Any notices required to be provided hereunder shall be delivered to the address of each party as first stated above, or such other address of which each party may notice the other.

**5.4 Headings.** All headings contained herein are for convenience of reference and organization only, and shall not be construed or interpreted to be part of this Agreement, nor affect in any way its meaning or interpretation.

**5.6 Mutual Writing.** This Agreement has been drafted by mutual contribution of the parties, and shall not be construed against either party due to authorship.

**5.7 Counterparts.** This Agreement may be executed in one or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

**5.8 Advice of Counsel.** Assignor has sought independent legal advice or hereby waives the opportunity to seek such legal advice prior to the execution of this Agreement.

**5.9 Severability.** In the event any provision herein is deemed to be invalid, illegal, or unenforceable, such provision shall be removed, but all other provisions herein shall remain in full force and effect.

**5.10 Choice of Law.** This Agreement shall be interpreted in the law of Washington State, any disputes, claims, or controversies arising under or related to it shall be brought in a court of competent jurisdiction in King County, Washington. In the event of matter brought before a court, both parties waive its right to trial by jury, and specifically agree that any matter brought by either party may be decided by a bench trial, or if appropriate by arbitration under the rules of the court governing such procedure.

**5.11 Time of the Essence.** The parties hereto acknowledge that time is of the essence in the performance of all obligations under this Agreement.

IN WITNESS WHEREOF, the parties hereto have caused this Agreement to be executed as of the day and year first written above.

Assignor: _____
Harborview Master Fund, L.P.
Richard Rosenblum
Managing Member

Assignee: _____
Dilks & Knopik, LLC
Jeff Hudspeth
Vice President - Sales

# Dilks | Knopik

## BILL OF SALE

For good and valuable consideration, receipt of which is hereby acknowledged, the undersigned, Harborview Master Fund, L.P. ("Assignor"), hereby sells, assigns, conveys and transfers over and unto Dilks & Knopik, LLC ("Assignee"), any and all of right, title and interest in and to the below referenced claim(s).

The purchase price for the Purchased Claim(s) is $▓▓▓▓▓

CLAIM(S) ARE BEING SOLD "AS-IS, WHERE-IS" WITH NO WARRANTIES OR REPRESENTATIONS WHATSOEVER, EXCEPT AS EXPRESSLY PROVIDED IN THE PURCHASE AGREEMENT, INCLUDING, WITHOUT LIMITATION, WARRANTIES OF MERCHANTABILITY OR FITNESS FOR A PARTICULAR PURPOSE.

IN WITNESS WHEREOF, the parties hereto have caused this Bill of Sale to be executed as of the Thursday, July 21, 2016.

Debtor: Universal Guardian Holdings, Inc.
Court: United States Bankruptcy Court - Central District of California
Case Number: 8:08-bk-13532-ES
Chapter: 7
Original Creditor: Harborview Master Fund
Unclaimed Amount: $3,083.90
Claim #: 41

Harborview Master Fund, L.P.

_____
Richard Rosenblum
Managing Member

HAHBromwen Advisors LLC
GP - HMFLP

**PASSPORT**
PASSEPORT
PASAPORTE

**UNITED STATES OF AMERICA**

Surname: ROSENBLUM
Given Names: RICHARD
Nationality: UNITED STATES OF AMERICA
Date of birth: ████ 1959
Place of birth: NEW YORK, U.S.A.
Date of issue: 25 Feb 2016
Date of expiration: 24 Feb 2026
Endorsements: SEE PAGE 27
Sex: M
Authority: United States Department of State

Passport No: ███0728

```
P<USAROSENBLUM<<RICHARD<<<<<<<<<<<<<<<<<<<<<
5424007280USA5903184M2602246273198540<601574
```

# OPERATING AGREEMENT
# OF
# HARBORVIEW ADVISORS LLC

OPERATING AGREEMENT, dated as of July 28, 2004, by and between the persons who have executed the signature pages hereto as the initial members, and such other persons as may hereafter be admitted from time to time as members hereunder (collectively, the "Members").

## WITNESSETH:

**WHEREAS**, HARBORVIEW ADVISORS LLC (the "Company"), was formed on February 10, 2004, by the filing of a Certificate of Formation with the Department of the Treasury of the State of New Jersey; and

**WHEREAS**, the Members wish to provide for their respective rights, duties and obligations and the operation and management of the Company for the purposes stated therein;

**NOW, THEREFORE**, it is mutually agreed that:

## ARTICLE I

## DEFINITIONS

As used herein, the following terms have the meanings set forth below:

"Act" shall mean the New Jersey Limited Liability Company Act, as in effect on the date hereof and as it may hereafter be amended from time to time.

"Affiliate" of a Person shall mean any relative of such Person, or any other Person that controls, is controlled by or is under common control with, such Person, or an officer, director, general partner, limited partner, member or trustee of such Person or any such other Person. "Control" shall mean the right or ability to direct the management of a Person by voting membership interest, the election of a majority of its Board of Directors or otherwise.

"Agreement" shall mean this Operating Agreement.

"Capital Account" shall have the meaning set forth in Section 6.1.

"Capital Contribution" shall mean, with respect to a particular Member, the amount or value of capital contributed or deemed to have been contributed by such Member to the Company pursuant to Sections 5.1 and 5.3.

(b)    The Members shall not be personally liable for the debts, obligations or liabilities of the Company solely by reason of the performance of management duties hereunder. The Company shall indemnify and hold each Member (and, where applicable, his, her or its respective Affiliates, heirs, personal representatives, assigns, officers, partners, members, employees, directors and shareholders), harmless from and against all Losses incurred as a result of or in connection with any act or omission by the Member, for or on behalf of the Company in the exercise of its management duties hereunder, provided that such act or omission was consistent with the duties set forth in section 4.2(a).

4.3    Officers.

(a)    Richard Rosenblum is hereby appointed Chairman and David Stefansky is hereby appointed President, subject to the requirements of this Agreement. The Chairman and President shall have such powers, and shall perform such duties, as usually pertain to the office of Chairman and President, and as from time to time may be assigned to them by the Members.

(b)    The Members may also appoint from time to time such other officers as they may determine, each of whom shall have such powers and perform such duties as usually pertain to such offices and as from time to time may be assigned to such persons by the Members, and subject, as the case may be, to the requirements of this Agreement. Such officers need not be Members or Affiliates of Members.

(c)    Each officer shall serve at the pleasure of the Members and may be removed or discharged at any time, with or without Cause, in accordance with this Agreement.

(d)    Except as more fully required in Section 3.10(e), the Company shall indemnify each officer of the Company appointed in accordance herewith and his or her Affiliates, heirs, personal representatives, successors and assigns, against all Losses incurred as a result of or in connection with any action, suit or proceeding, whether civil or criminal, to which he or she is a party by reason of the fact that he or she, his or her testator or intestate, is or was an officer of the Company, except in relation to matters as to which it shall be adjudged that such officer was liable for gross negligence or misconduct in the performance of his or her duties. The foregoing rights of indemnification shall not be exclusive of any other rights to which any such officer may be entitled under any present or future law, statute, agreement, vote of the Members or otherwise.

## ARTICLE V

## INTERESTS AND CAPITAL CONTRIBUTIONS

5.1    Initial Contributions.    As of the date hereof, the Members have made the initial capital contributions as set forth in Schedule A.

5.2    Additional Capital Contributions.    The Members may determine that additional Capital Contributions from the Members are necessary to enable the Company to conduct its business. Within 20 days following such a determination, each Member shall contribute to the

8

IN WITNESS WHEREOF, the undersigned have duly executed this Agreement as of the day and year first above written.

Name: _____

Address: M7 Horican Dr E
WAYNE NJ 07470

Fax No.: _____


Name: _____

Address: _____

Fax No.: _____

21

# SECURITIES AND EXCHANGE COMMISSION

# FORM 3

Filing Date: **2010-05-21** | Period of Report: **2010-05-11**
SEC Accession No. 0001193805-10-001488

(HTML Version on secdatabase.com)

## ISSUER

**HEPALIFE TECHNOLOGIES INC**

CIK:**1054274**| IRS No.: **582349413** | State of Incorp.:**FL** | Fiscal Year End: **1231**
SIC: **3841** Surgical & medical instruments & apparatus

Mailing Address
60 STATE STREET
SUITE 700
BOSTON MA 02109

Business Address
60 STATE STREET
SUITE 700
BOSTON MA 02109
800-518-4879

## REPORTING OWNER

**HARBORVIEW MASTER FUND LP**

CIK:**1400704**| State of Incorp.:**D8** | Fiscal Year End: **1231**
Type: **3** | Act: **34** | File No.: **000-29819** | Film No.: **10851474**

Mailing Address
HARBOUR HOUSE
WATERFORD DRIVE
PO BOX 972
TORTOLA D6 00000

Business Address
HARBOUR HOUSE
WATERFORD DRIVE
PO BOX 972
TORTOLA D8 00000
294 694 4770

Copyright © 2012 www.secdatabase.com. All Rights Reserved.
Please Consider the Environment Before Printing This Document

| FORM 3 | UNITED STATES SECURITIES AND EXCHANGE COMMISSION<br>Washington, D.C. 20549 | OMB APPROVAL<br>OMB Number: 3235-0104<br>Expires: 02/28/2011<br>Estimated average burden hours per response 0.5 |
|---|---|---|

## INITIAL STATEMENT OF BENEFICIAL OWNERSHIP OF SECURITIES

Filed pursuant to Section 16(a) of the Securities Exchange Act of 1934, Section 17(a) of the Public Utility Holding Company Act of 1935 or Section 30(h) of the Investment Company Act of 1940

| 1. Name and Address of Reporting Person<br>**HARBORVIEW MASTER FUND LP**<br>(Last)  (First)  (Middle)<br>HARBOUR HOUSE WATERFORD DRIVE, PO BOX 972<br>(Street)<br>TORTOLA, D8 00000<br>(City)  (State)  (Zip) | 2. Date of Event Requiring Statement (Month/Day/Year)<br>05/11/2010 | 3. Issuer Name and Ticker or Trading Symbol<br>**HEPALIFE TECHNOLOGIES INC** [HPLF]<br>4. Relationship of Reporting Person(s) to Issuer (Check all applicable)<br>___ Director   **X** 10% Owner<br>___ Officer (give title below)   ___ Other (specify below) | 5. If Amendment, Date Original Filed (Month/Day/Year)<br><br>6. Individual or Joint/Group Filing (Check applicable line)<br>**X** Form Filed by One Reporting Person<br>___ Form Filed by More than One Reporting Person |

### Table I - Non-Derivative Securities Beneficially Owned

| 1. Title of Security (Instr. 4) | 2. Amount of Securities Beneficially Owned (Instr. 4) | 3. Ownership Form: Direct (D) or Indirect (I) (Instr. 5) | 4. Nature of Indirect Beneficial Ownership (Instr. 5) |
|---|---|---|---|
| Common Stock | 27,981,999 | D | |

### Table II - Derivative Securities Beneficially Owned (e.g., puts, calls, warrants, options, convertible securities)

| 1. Title of Derivative Security (Instr. 4) | 2. Date Exercisable and Expiration Date (Month/Day/Year) | | 3. Title and Amount of Securities Underlying Derivative Security (Instr. 4) | | 4. Conversion or Exercise Price of Derivative Security | 5. Ownership Form of Derivative Security: Direct (D) or Indirect (I) (Instr. 5) | 6. Nature of Indirect Beneficial Ownership (Instr. 5) |
|---|---|---|---|---|---|---|---|
| | Date Exercisable | Expiration Date | Title | Amount or Number of Shares | | | |

**Signatures**

Harborview Master Fund, L.P., by Harborview Advisors, LLC, its general partner, by /s/ Richard Rosenblum, Managing Member     05/21/2010



** Signature of Reporting Person     Date

Reminder: Report on a separate line for each class of securities beneficially owned directly or indirectly.
* If the form is filed by more than one reporting person, see Instruction 4 (b)(v).
** Intentional misstatements or omissions of facts constitute Federal Criminal Violations See 18 U.S.C. 1001 and 15 U.S.C. 78ff(a).
Note: File three copies of this Form, one of which must be manually signed. If space is insufficient, see Instruction 6 for procedure.
**Persons who respond to the collection of information contained in this form are not required to respond unless the form displays a currently valid OMB Number.**

Copyright © 2012 www.secdatabase.com. All Rights Reserved.
Please Consider the Environment Before Printing This Document

UNITED STATES
SECURITIES AND EXCHANGE COMMISSION
Washington, D.C. 20549

SCHEDULE 13D
Under the Securities Exchange Act of 1934
(Amendment No. 2) *

# Alliqua, Inc.

(Name of Issuer)

Common Stock
(Title of Class of Securities)

019621101
(CUSIP Number)

Richard Rosenblum
c/o Harborview Advisors LLC
850 Third Avenue, Suite 1801
New York, NY  10022
(646) 218-1400

(Name, Address and Telephone Number of Person Authorized to Receive Notices and Communications)

March 1, 2011
(Date of Event which Requires Filing of this Statement)

If the filing person has previously filed a statement on Schedule 13G to report the acquisition that is the subject of this Schedule 13D, and is filing this schedule because of §§240.13d-1(e), 240.13d-1(f) or 240.13d-1(g), check the following box. ☐

**Note**: Schedules filed in paper format shall include a signed original and five copies of the schedule, including all exhibits. See §240.13d-7(b) for other parties to whom copies are to be sent.

\* The remainder of this cover page shall be filled out for a reporting person's initial filing on this form with respect to the subject class of securities, and for any subsequent amendment containing information which would alter disclosures provided in a prior cover page.

The information required on the remainder of this cover page shall not be deemed to be "filed" for the purpose of Section 18 of the Securities Exchange Act of 1934 ("Act") or otherwise subject to the liabilities of that section of the Act but shall be subject to all other provisions of the Act (however, see the Notes).

Copyright © 2012 www.secdatabase.com. All Rights Reserved.
Please Consider the Environment Before Printing This Document

| CUSIP No. 019621101 | |
|---|---|
| 1. Names of Reporting Persons<br><br>Harborview Master Fund, L.P. | |
| 2. Check the Appropriate Box if a Member of a Group (See Instructions)<br>(a) ☐<br>(b) R | |
| 3. SEC Use Only | |
| 4. Source of Funds (See Instructions)<br><br>OO | |
| 5. Check if Disclosure of Legal Proceedings Is Required Pursuant to Items 2(d) or 2(e) ☐ | |
| 6. Citizenship or Place of Organization<br><br>British Virgin Islands | |
| Number of Shares Beneficially Owned by Each Reporting Person With | 7. Sole Voting Power<br><br>27,981,999 |
| | 8. Shared Voting Power<br><br>0 |
| | 9. Sole Dispositive Power<br><br>27,981,999 |
| | 10. Shared Dispositive Power<br><br>0 |
| 11. Aggregate Amount Beneficially Owned by Each Reporting Person<br><br>27,981,999 | |
| 12. Check if the Aggregate Amount in Row (11) Excludes Certain Shares (See Instructions) ☐ | |
| 13. Percent of Class Represented by Amount in Row (11)<br><br>13.6% (1) | |
| 14. Type of Reporting Person (See Instructions)<br><br>PN | |

(1)   The percentage is calculated based upon 205,944,158 shares of Common Stock outstanding as reported by the Issuer to the Reporting Person on March 2, 2011.

Copyright © 2012 www.secdatabase.com. All Rights Reserved.
Please Consider the Environment Before Printing This Document

| | |
|---|---|
| CUSIP No. 019621101 | |
| 1. Names of Reporting Persons<br><br>Harborview Value Master Fund, L.P. | |
| 2. Check the Appropriate Box if a Member of a Group (See Instructions)<br>(a) ☐<br>(b) R | |
| 3. SEC Use Only | |
| 4. Source of Funds (See Instructions)<br><br>OO | |
| 5. Check if Disclosure of Legal Proceedings Is Required Pursuant to Items 2(d) or 2(e) ☐ | |
| 6. Citizenship or Place of Organization<br><br>British Virgin Islands | |

| Number of Shares Beneficially Owned by Each Reporting Person With | 7. Sole Voting Power<br><br>7,812,499 |
|---|---|
| | 8. Shared Voting Power<br><br>0 |
| | 9. Sole Dispositive Power<br><br>7,812,499 |
| | 10. Shared Dispositive Power<br><br>0 |

| |
|---|
| 11. Aggregate Amount Beneficially Owned by Each Reporting Person<br><br>7,812,499 |
| 12. Check if the Aggregate Amount in Row (11) Excludes Certain Shares (See Instructions) ☐ |
| 13. Percent of Class Represented by Amount in Row (11)<br><br>3.8% (1) |
| 14. Type of Reporting Person (See Instructions)<br><br>PN |

(1) The percentage is calculated based upon 205,944,158 shares of Common Stock outstanding as reported by the Issuer to the Reporting Person on March 2, 2011.

Copyright © 2012 www.scriptobase.com. All Rights Reserved.
Please Consider the Environment Before Printing This Document

| CUSIP No. 019621101 | |
|---|---|
| 1. Names of Reporting Persons<br><br>Harborview Advisors, LLC | |
| 2. Check the Appropriate Box if a Member of a Group (See Instructions)<br>(a) ☐<br>(b) R | |
| 3. SEC Use Only | |
| 4. Source of Funds (See Instructions)<br><br>OO | |
| 5. Check if Disclosure of Legal Proceedings Is Required Pursuant to Items 2(d) or 2(e) ☐ | |
| 6. Citizenship or Place of Organization<br><br>New Jersey | |
| Number of Shares Beneficially Owned by Each Reporting Person With | 7. Sole Voting Power<br><br>35,794,498 |
| | 8. Shared Voting Power<br><br>0 |
| | 9. Sole Dispositive Power<br><br>35,794,498 |
| | 10. Shared Dispositive Power<br><br>0 |
| 11. Aggregate Amount Beneficially Owned by Each Reporting Person<br><br>35,794,498 | |
| 12. Check if the Aggregate Amount in Row (11) Excludes Certain Shares (See Instructions) ☐ | |
| 13. Percent of Class Represented by Amount in Row (11)<br><br>17.4% (1) | |
| 14. Type of Reporting Person (See Instructions)<br><br>CO | |

(1)  The percentage is calculated based upon 205,944,158 shares of Common Stock outstanding as reported by the Issuer to the Reporting Person on March 2, 2011.

Copyright © 2012 www.sec-database.com. All Rights Reserved.
Please Consider the Environment Before Printing This Document

| CUSIP No. 019621101 | |
|---|---|
| 1. Names of Reporting Persons<br><br>Richard Rosenblum | |
| 2. Check the Appropriate Box if a Member of a Group (See Instructions)<br>(a) ☐<br>(b) R | |
| 3. SEC Use Only | |
| 4. Source of Funds (See Instructions)<br><br>OO | |
| 5. Check if Disclosure of Legal Proceedings Is Required Pursuant to Items 2(d) or 2(e) ☐ | |
| 6. Citizenship or Place of Organization<br><br>United States | |

| Number of Shares Beneficially Owned by Each Reporting Person With | 7. Sole Voting Power<br><br>0 |
| | 8. Shared Voting Power<br><br>39,461,165 (1) |
| | 9. Sole Dispositive Power<br><br>0 |
| | 10. Shared Dispositive Power<br><br>39,461,165 (1) |

| 11. Aggregate Amount Beneficially Owned by Each Reporting Person<br><br>39,461,165 (1) |
|---|
| 12. Check if the Aggregate Amount in Row (11) Excludes Certain Shares (See Instructions) ☐ |
| 13. Percent of Class Represented by Amount in Row (11)<br><br>19.2% (2) |
| 14. Type of Reporting Person (See Instructions)<br><br>IN |

(1) Comprised of (i) 35,794,498 shares of Common Stock held by the entities listed on the pages above and (ii) 3,666,667 shares of Common Stock issuable to Mr. Rosenblum upon exercise of the vested portion of certain stock options.

(2) The percentage is calculated based upon 205,944,158 shares of Common Stock outstanding as reported by the Issuer to the Reporting Person on March 2, 2011.

Copyright © 2012 www.secdatabase.com. All Rights Reserved.
Please Consider the Environment Before Printing This Document

| | |
|---|---|
| CUSIP No. 019621101 | |
| 1. Names of Reporting Persons<br><br>David Stefansky | |
| 2. Check the Appropriate Box if a Member of a Group (See Instructions)<br>(a) ☐<br>(b) R | |
| 3. SEC Use Only | |
| 4. Source of Funds (See Instructions)<br><br>OO | |
| 5. Check if Disclosure of Legal Proceedings Is Required Pursuant to Items 2(d) or 2(e) ☐ | |
| 6. Citizenship or Place of Organization<br><br>United States | |

| Number of Shares Beneficially Owned by Each Reporting Person With | 7. Sole Voting Power<br><br>0 |
|---|---|
| | 8. Shared Voting Power<br><br>39,461,165 (1) |
| | 9. Sole Dispositive Power<br><br>0 |
| | 10. Shared Dispositive Power<br><br>39,461,165 (1) |

| | |
|---|---|
| 11. Aggregate Amount Beneficially Owned by Each Reporting Person<br><br>39,461,165 (1) | |
| 12. Check if the Aggregate Amount in Row (11) Excludes Certain Shares (See Instructions) ☐ | |
| 13. Percent of Class Represented by Amount in Row (11)<br><br>19.2% (2) | |
| 14. Type of Reporting Person (See Instructions)<br><br>IN | |

(1) Comprised of (i) 35,794,498 shares of Common Stock held by the entities listed on the pages above and (ii) 3,666,667 shares of Common Stock issuable to Mr. Stefansky upon exercise of the vested portion of certain stock options.

(2) The percentage is calculated based upon 205,944,158 shares of Common Stock outstanding as reported by the Issuer to the Reporting Person on March 2, 2011.

Copyright © 2012 www.secdatabase.com. All Rights Reserved.
Please Consider the Environment Before Printing This Document

This Amendment No. 2 to Schedule 13D (this "Amendment No. 2") is filed by and on behalf of each reporting person to amend the Schedule 13D related to the Common Stock of the Issuer filed on May 21, 2010, as amended by Amendment No. 1 to Schedule 13D filed on January 11, 2011 (the "Schedule 13D"). This Amendment No. 2 is filed to disclose a change in the percentage of the Common Stock that may be deemed to be beneficially owned by the reporting persons. Each capitalized term used and not defined herein shall have the meaning assigned to such term in the Schedule 13D. Except as otherwise provided herein, each Item of the Schedule 13D remains unchanged.

**Item 3. Source and Amount of Funds or Other Consideration.**

Item 3 is amended to add the following:

The shares of Common Stock reported as issuable to Rosenblum and Stefansky upon exercise of the vested portion of certain stock options were issued to reward such individuals for their contributions to date to the success of the Company and give such individuals incentives to continue to make contributions to the further success of the Company.

**Item 5. Interest in Securities of the Issuer.**

Item 5(a), (b) and (c) are amended and restated in their entirety as follows:

(a) (b) Harborview Master Fund is the beneficial owner of the number and percentage of shares of Common Stock of the Issuer stated in Items 11 and 13 on the corresponding cover page hereto (the "Harborview Master Fund Shares"). Harborview Value Fund is the beneficial owner of the number and percentage of shares of Common Stock of the Issuer stated in Items 11 and 13 on the corresponding cover page hereto (the "Harborview Value Fund Shares"). The Harborview Master Fund Shares and the Harborview Value Fund Shares are also reported as beneficially owned by Harborview Advisors, as the general partner of Harborview Master Fund and Harborview Value Fund, and by Rosenblum and Stefansky, as the managing members of Harborview Advisors. By reason of these relationships, each of Harborview Master Fund and Harborview Advisors are reported as having sole power to vote, or to direct the vote, and sole power to dispose, or direct the disposition of, the Harborview Master Fund Shares, each of Harborview Value Fund and Harborview Advisors are reported as having sole power to vote, or to direct the vote, and sole power to dispose, or direct the disposition of, the Harborview Value Fund Shares, and each of Rosenblum and Stefansky are reported as having shared power to vote, or to direct the vote, and shared power to dispose, or direct the disposition of, the Harborview Master Fund Shares and the Harborview Value Fund Shares. Rosenblum and Stefansky each also beneficially own 3,666,667 shares of Common Stock of the Issuer issuable to upon exercise of the vested portion of certain stock options. Each of Rosenblum and Stefansky is the beneficial owner of the number and percentage of shares of Common Stock of the Issuer stated in Items 11 and 13 on the corresponding cover page hereto.

All percentages set forth in this statement are based upon 205,944,158 shares of Common Stock outstanding, as reported by the Issuer to the Reporting Persons on March 2, 2011.

(c) Each of Rosenblum and Stefansky received a stock option grant pursuant to the Issuer's 2001 Incentive Stock Plan on March 1, 2011, which they each accepted on March 1, 2011. Each of the options is comprised of 1,666,667 shares of the Issuer's Common Stock, which options vested immediately. The options have an exercise price of $0.21 per share. Except as described above, the Reporting Persons have not engaged in any transactions in the Common Stock of the Issuer since the most recent filing of Schedule 13D.

Copyright © 2012 www.realdealdocs.com. All Rights Reserved.
Please Consider the Environment Before Printing This Document

After reasonable inquiry and to the best of my knowledge and belief, I certify that the information set forth in this statement is true, complete and correct.

Date: March 2, 2011

**Harborview Master Fund, L.P.**
By:    Harborview Advisors, LLC, its general partner

By:    /s/ Richard Rosenblum
Name: Richard Rosenblum
Title:  Managing Member

**Harborview Value Master Fund, L.P.**
By:    Harborview Advisors, LLC, its general partner

By:    /s/ Richard Rosenblum
Name: Richard Rosenblum
Title:  Managing Member

**Harborview Advisors, LLC**

By:    /s/ Richard Rosenblum
Name: Richard Rosenblum
Title:  Managing Member

**Richard Rosenblum**
/s/ Richard Rosenblum

**David Stefansky**
/s/ David Stefansky

Copyright © 2012 www.sec-database.com. All Rights Reserved.
Please Consider the Environment Before Printing This Document